S. H. HAWES v. J. W. BLACKWELL.

*Bank Checks—Presentation Check—Holder—Assignment—Priority—General Fund—Creditors—Deposit—Depositor.*

1. The holder of a check upon a bank, drawn before, but presented after, the bank's assignment for the benefit of creditors, is not entitled to the amount thereof as against the assignee to the extent of the fund so held.

2. A depositor is a creditor of a bank, his deposit becoming a part of the general fund, the property of the bank, and subject to assignment by the owners of the bank.

3. A check-holder is, to the extent of his check, the assignee of the depositor's debt due him by the bank, but he has no lien upon the deposit for the amount of his check.

4. The payee or holder of a check has an *in'erest* in the deposit as against the drawer, subject to the bank's right to pay outstanding checks before notice.

5. The plaintiff, as against the trustees of the bank, will be entitled to judgment for his *pro rata* share of the fund left after paying the preferred creditors.

6. As against the *drawer*, the plaintiff is entitled to have so much of the deposit as was devoted by him to the payment of the check set apart for that purpose.

This was a CIVIL ACTION, tried by *Armfield, J.*, at the January Term, 1890, of DURHAM Superior Court.

The plaintiff is holder for value of the check specified in the complaint, whereof the following is a copy:

"508.80.                    DURHAM, N. C., Nov. 10th, 1888.

The Bank of Durham, pay to S. H. Hawes or order five hundred and eight and $\frac{80}{100}$ dollars.

No. 1,632.                    J. W. BLACKWELL"

The defendant J. W. Blackwell is the drawer of the check, and the defendants M. W. Hicks and S E. Watts are

trustees in the deed of trust executed by him, presently to be mentioned, to secure his creditors therein mentioned; the defendant W. T. Blackwell was president and owner of "The Bank of Durham," and the defendants W. S. Halliburton and V. Ballard are trustees in the deed, presently to be mentioned, executed by him to secure his creditors therein named.

The case was submitted to the Court for its judgment upon the following state of facts, agreed upon by the parties:

"The check referred to in article 1 of the complaint was forwarded by defendant J. W. Blackwell to plaintiff S. H. Hawes at Richmond, Virginia, on Saturday, November 10, 1888, and reached plaintiff on Monday, November 12, 1888; it was presented on November 16, 1888, to the Bank of Durham, and not being paid was protested; that said check was received by the First National Bank of Durham, at Durham, on November, 1888; that J. W. Blackwell was promptly notified of the non-payment of said check and its protest; that W. T. Blackwell conducted a banking-house and business in the town of Durham; that J. W. Blackwell, a resident of the town of Durham, was a depositor of the Bank of Durham, and had on deposit to his credit in the Bank of Durham on November 10, 1888, a large sum of money—more than enough to pay the check of $508.80 forwarded by him to plaintiff; that on November 13, 1888, W. T. Blackwell made and delivered to defendants Ballard and Halliburton a deed in trust for the benefit of creditors, which was duly registered in the county of Durham on November 15, 1888, at 6 o'clock, a. m.; that J. W. Blackwell, on November 14, 1888, executed and delivered to defendants Hicks and Watts a deed in trust for the benefit of his creditors, which said deed was registered in the county of Durham on November 15, 1888, before nine o'clock of said day; that both of said deeds were sufficient in form to convey all the real and personal estate of the respective grantors, and all

their real and personal estate, all notes, accounts, books, debts, money and choses in action, and all other personal property of every kind and nature whatever, and wheresoever situate, were conveyed in said deed; copies of said deeds attached as a part of this agreement; that at the time said check was presented for payment the account of J. W. Blackwell stood in credit at the Bank of Durham in a sum more than sufficient to pay the check of plaintiff; that in the deed of W. T. Blackwell the depositors of the Bank of Durham were in the class of fifth preferred creditors, who were directed by said deed to be paid in full before any succeeding class of creditors, and the estate of said W. T. Blackwell is sufficient to pay in full the depositors of the Bank of Durham; that the check given to plaintiff by defendant Blackwell is not preferred in the said J. W. Blackwell's deed of trust, and the said J. W. Blackwell's property is probably not sufficient to pay any part of said check; that the trustees of W. T. Blackwell have paid the depositors of the Bank of Durham the sum of 70 per cent. of each deposit, 50 per cent. of which was paid before this action was brought, and 20 per cent. of which has been paid since the bringing of this action; that the remaining 30 per cent. now due by the trustees of the Bank of Durham, or W. T. Blackwell, the amount of J. W. Blackwell's deposit is sufficient to pay said check; that protest fees for protesting said check are $2.75, which has been paid by plaintiff; that no part of said check or the protest fees have been paid the plaintiff, though he has demanded payment of the defendant; that the defendants Ballard and Halliburton took possession of the property conveyed to them in the deed of trust of W. T. Blackwell, on November 15, 1888, immediately afetr the registration of the said deed on said day, and had then no notice of the existence of plaintiff's check; that the defendants Hicks and Watts took possession of the property conveyed to them in the deed of J. W. Blackwell on the 15th day of Novem-

ber, 1888, immediately after the registration of said deed, and had no notice, at that time, of the existence of plaintiff's check. J. W. Blackwell's trustees had knowledge of the assignment of W. T. Blackwell and the Bank of Durham before the presentment of said check, and before they or W. T. Blackwell's trustees had notice of its existence, and W. T. Blackwell's trustees had knowledge of J. W. Blackwell's assignment before the said check was presented, and before they had notice of its existence. Plaintiff lived in Richmond, Virginia, in November, 1888. There were two daily mails each way between Durham and Richmond, and several banks in both places. Plaintiff sent J. W. Blackwell a receipt for the money paid by the check, which receipt he received November 13, 1888."

The Court "adjudged that the plaintiff recover of the defendants the sum of $511.55, and interest thereon from November 16th, 1888, until paid, to be paid out of the funds of the Bank of Durham, or W. T. Blackwell, due to the account of J. W. Blackwell, as a depositor of said Bank of Durham; and that the plaintiff recover his costs, to be taxed by the Clerk."

The defendants excepted, and appealed to this Court.

*Mr. J. S. Manning,* for plaintiff.
*Mr. W. W. Fuller* (by brief), for defendants.

MERRIMON, C. J.—after stating the facts: When a bank, in the course of its business, receives deposits of money in the absence of any agreement to the contrary, the money deposited with it at once becomes that of the bank, part of its general funds, and can be used by it for any purpose, just as it uses, or may use, its monies otherwise acquired. The depositor, when, and as soon as he so makes a deposit, becomes a creditor of the bank, and the latter becomes his debtor for the amount of money deposited, agreeing to dis-

charge the debt so created by honoring and paying the checks or orders the depositor may, from time to time, draw upon it, when presented, not exceeding the amount deposited. The relation of the bank and depositor is simply that of debtor and creditor, the debt to be discharged punctually, in the way just indicated. The contract between them, whether express or implied, is legal in its nature, and there is no element or quality in it different from the same in ordinary agreements or promises, founded upon a valuable consideration to pay a sum of money, specified or implied, to another party. There are none of the elements of a trust in it. The bank does not assume or become a fiduciary as to the money deposited for the depositor, nor does it agree to hold a like sum in trust for him. *Boyden* v. *Bank*, 65 N. C., 13; *Bank* v. *Millard*, 10 Wall., 152; *Bank* v. *Schuler*, 120 U. S. R., 511.

Hence, if the bank should fail to pay its depositor, when called upon to do so, the latter would have his remedy by proper action, just as in the ordinary case where the debtor refused to pay his creditor the debt he owed him. If the depositor should draw his check on the bank for some part of his deposit—the debt the bank owed him—the payee, or holder of such check, could not maintain his separate action against the bank for non-payment of the check, on presentation of the same for payment—it could not, until the bank accepted the check, or agreed to pay it. Then, and not till then, would the bank become his debtor in his sole right as against it. The check, however, in the hands of the payee thereon, or the holder thereof, would have an interest in the deposit, as against the drawer, to the amount specified in the check, subject to the right of the bank to pay all outstanding checks of the depositor, and such as he might subsequently draw, and which might be paid before it had notice of the check in question, and subject to the right of the bank to set off debts due which the depositor might owe at the time such check should be presented. The check, as to

drawer thereof, is, in effect, an assignment to the holder thereof to the amount specified in the check; and under the method of civil procedure in this State, the depositor and the holder of the check might jointly maintain an action against the bank for the deposit, in case it failed to pay the same when called upon, and they might recover, subject to the rights of the bank, as above explained. And so, also, if the depositor had given his check for the *whole* of his deposit, the holder might maintain his separate action against the bank, if it refused to pay the same, subject to its rights as to checks on the deposit paid before notice of such check, and likewise subject to its rights of set-off. This is so, because the check for the whole deposit would be, in effect, an assignment of the depositor's whole debt against the bank to the holder of such check. He, being the real owner of the deposit—the debt—might sue for it in his own name. And a holder of a check for a *part* of the deposit might, in some cases, have appropriate equitable relief, as against the depositor and the bank, if they should seek to impair his rights as the equitable owner, against the drawer of part of the deposit. Such check makes the holder thereof part owner of the deposit, as against the drawer, subject to the rights of the bank. The depositor agrees, in effect, by implication of law, to set apart so much of his deposit as is specified in the check for the holder thereof. As against the drawer, that much of the deposit belongs to the drawee. If, however, it turns out that the check is not paid by the bank, on due presentation for payment, the holder of the check will have his remedy against the drawer. The depositor— the drawer—agrees that the check will be paid by the bank when it shall be duly presented to it for payment, and, if it shall not be, then there will be a breach of the drawer's contract with the holder of the check. *Kahnweiler* v. *Anderson*, 78 N. C., 133; *Nimocks* v. *Woody*, 97 N. C., 1; *Brem* v. *Covington*, 104 N. C., 589; *Spain* v. *Hamilton's Administrator*, 1

Wall., 604, 624; *Bank* v. *Schuler*, 120 U. S. R., 511; Morse on Banking, § 496.

Now, in the present case, the depositor of the Bank of Durham, James W. Blackwell, was the simple creditor of that bank to the amount of his deposit—it owed him a debt for that sum, just as it owed its creditors other than its depositors; it did not hold the money he deposited, or any part of its moneys, in special trust for him, or for any person to whom he gave checks on the bank. The owner of the bank, the defendant William T. Blackwell, might sell, assign and transfer all his property, including all the assets of the bank, as he did do, to the defendant's trustees for his creditors, including the deposits of general depositors in the bank, and the latter were on the same footing as other creditors, except as he classified them, and preferred certain classes over others in the trust created for their benefit. The depositor, James W. Blackwell, might have maintained his action against the bank to recover from it the amount of his deposit therein when and as soon as it failed and refused to pay him the same. The present plaintiff might have joined him in such action, because he had, in effect, assigned to the plaintiff part of the deposit, a part equal to the amount of the check. But the plaintiff could not have maintained a separate action against the bank for the amount of the check, because the bank did not accept and agree to pay it, nor did the plaintiff have any equitable or other lien upon the assets of the bank. It was not charged with a particular trust in favor of the plaintiff. He was on no better footing than any other creditor of the bank. The plaintiff might have maintained his action against the drawer of the check, the subject of the action, because the drawer, in legal effect, contracted with him that the check would be paid on presentation to the bank, and it was not so paid. He can maintain this action against the defendant drawer of the check because of such breach of contract. Moreover, such drawer,

when he drew the check in favor of the plaintiff, in effect sold and assigned to him a part of his particular deposit— his debt against the bank—equal to the sum of money specified in the check. Hence, if the plaintiff shall recover against the drawer of the check in question, he will be entitled in equity to share in whatever sum shall be paid to such drawer, or the defendant's trustees for his creditors, on account of his deposit in the Bank of Durham by the trustees of William T. Blackwell. This is so, because the drawer, James W. Blackwell, as we have seen, in legal effect specially set apart so much of his deposit as was equal to the amount of the check drawn in favor of the plaintiff to pay it. The ground of the plaintiff's recovery from the defendant James W. Blackwell, is that the latter drew the check on the bank in favor of the plaintiff, and thereby agreed that the bank would pay the same when presented for payment. But the bank did not pay the check, and the plaintiff's action at once accrued against the drawer, as we have seen, upon such breach of contract. The plaintiff may recover, for such breach, the amount of the check, and he has a right to have so much of the drawer's deposit as was specially set apart to pay the check applied to the payment of his judgment against the drawer, because that part of the deposit was devoted to the purpose of paying the check.

For the reasons stated, the plaintiff is not entitled to recover judgment against William T. Blackwell and the defendant's trustees for his creditors on account of the plaintiff's check, nor against the defendant's trustees for the creditors of James W. Blackwell. He is entitled to recover judgment against James W. Blackwell for the amount of his check, and to have it adjudged that so much of the dividends in the hands of the defendant's trustees for the creditors of William T. Blackwell as shall be paid on account of the deposit of James W. Blackwell, as will be equal to the *pro rata* share thereof in favor of the check of the plaintiff, be

applied to the payment of the plaintiff's judgment, so far as the same may be adequate; and to have it further adjudged that the defendant trustees of the creditors of the defendant James W. Blackwell shall allow such judgment to share in the assets in their hands in the class of creditors to which it shall belong by the terms of the deed of trust, whose provisions they are charged to execute; and further, to pay out of the dividends they have received from the defendant's trustees for the creditors of William T. Blackwell, on account of such deposit of the defendant James W. Blackwell, the *pro rata* share of the check of the plaintiff in such dividends to the credit of the plaintiff's judgment, so far as the same may be adequate.

There is error. The judgment must be corrected as directed in this opinion, and, when so corrected, affirmed. To that end, let this opinion be certified to the Superior Court. It is so ordered. 　　　　　　　　　　　　　　Error.