## L. C. McKAUGHAN v. MERCHANTS BANK AND TRUST COMPANY.

(Filed 30 November, 1921.)

1. **Banks and Banking—Checks—Mortgages—Forgeries—Deeds and Conveyances.**

   A depositor of defendant's bank obtained a loan from the plaintiff, secured by mortgage on his sister's land, with a certificate made by a notary public, and deposited the check, and obtained the money thereon for his own use, from the bank, by endorsing his sister's name as her agent, without her authority or knowledge. The mortgage and the note it secured were forgeries: *Held,* the defendant bank was liable to the plaintiff for the amount of the check so endorsed and paid, and the principle upon which a bank may not be held responsible for cashing a forged check of the depositor where the drawer is at fault, or has received the benefit, etc., has no application.

**2. Same—Drawers of Checks—Canceled Mortgages—Actions—Reinstatement of Liens—Negligence.**

A lender of money upon a forged note and mortgage made the check payable to the supposed mortgagor, and gave it to her brother, who placed it to his own credit in the bank, and he gave the lender his check on the proceeds for a former debt due by himself to the lender and secured by a mortgage on his own land: *Held*, the bank was entitled to credit for the amount of the borrower's check credited back to the lender; and if the lender has canceled the mortgage made by the brother to him, his remedy would be by suit to reinstate his lien.

APPEAL by both plaintiff and defendant from *Webb, J.*, at March Term, 1921, of FORSYTH.

The defendant bank paid and charged to plaintiff's account a check with an unauthorized endorsement. The plaintiff was a lender of money, and one W. B. Byerly, being indebted to him in the sum of $1,000, with interest, and the debt being past due, applied to the plaintiff for an additional loan, out of which the old loan was to be taken up. The new loan was to be $3,000, out of which Byerly was to pay the plaintiff the old loan, amounting, with interest, to $1,065.84.

Byerly stated to plaintiff that he would give as security a deed of trust on 10 acres of land belonging to his sister, Adella Byerly. The plaintiff had the papers drawn and delivered them to Byerly for execution. Byerly brought them back with their due execution certified by a notary public, whereupon the plaintiff made out a check payable to Adella J. Byerly (whose name purported to be signed to the deed in trust) for $2,848.15 (having deducted from the loan certain fees and costs), and gave the said check to W. B. Byerly, to whom the loan had been made.

W. B. Byerly occupied offices across the hall from the plaintiff, and was associated in the real estate business with one Sid Venable, who had been in jail about a real estate transaction. There was evidence that Venable came over to the plaintiff to get the check, and was present in plaintiff's office when the check was drawn and was handed to W. B. Byerly. The plaintiff's partner, H. O. Sapp, lived near W. B. Byerly and his sister, Adella J. Byerly.

W. B. Byerly presented the check to bank, where he had long had his account, endorsed "Adella J. Byerly, by W. B. Byerly." The proceeds of the check ($2,848.15) were placed to the credit of W. B. Byerly on 5 August, 1919, and were subsequently drawn out on his order. On 6 August, 1921, a check for $1,065.85 from W. B. Byerly back to plaintiff was deposited with the bank by plaintiff and paid. At no time did Adella Byerly apply to plaintiff for a loan or come to his office, and there was no communication between them, although she lived only a short distance. The loan was to W. B. Byerly, and the security he offered of a mortgage on his sister's property was a forgery and void.

Adella Byerly testified that she never authorized W. B. Byerly to sign any papers or endorse any checks for her, and that the signature on the check, "Adella J. Byerly," was not written by her, nor authorized by her; that she knew nothing about it, and did not execute the deed in trust in question; that her name is Adella L. Byerly, but that she usually drops the L.; that neither the deed in trust on the land nor the check was signed by her or by her authority or with her knowledge. The notary public who took acknowledgment states that Adella Byerly is not the person who signed and acknowledged the deed in trust before him, and he is of the opinion that the woman who signed and acknowledged the deed in trust was the wife of W. B. Byerly. Thomas Maslin, president of the defendant bank, testified that on 5 August, 1919, before this check of $2,848.15 was put to the credit of W. B. Byerly, he had a balance to his credit of 13 cents, and that out of this deposit check for $1,065.84 was paid and charged to W. B. Byerly, and was credited to the plaintiff.

The court instructed the jury that if they believed the evidence that they should answer "No" to the second issue, "Did the negligence of the plaintiff cause said payment to be made by the defendant bank as alleged in the answer?" To this instruction the defendant excepted. There was no contest that the defendant paid and charged to the plaintiff's account the check described in the complaint, upon the unauthorized endorsement of the payee; that the plaintiff was not indebted to the drawee of said check at the time it was issued, and that the drawee of said check (Adella Byerly) had no information of its being drawn; that the plaintiff, the drawer of said check, received $1,065.84 out of proceeds of said check, and the court so instructed the jury, and, also, that if they "believed all the evidence in the case to answer the issue $1,782.31, with interest from 5 August, 1919." ·

The defendant excepts because of the instruction as above in regard to the second issue, and the plaintiff excepts because the amount of the payment, $1,065.84, which he received from the bank out of the proceeds of the check, was deducted from the amount of his check paid by the bank under the instruction as to the fifth issue. Both parties appealed. ·

*H. O. Sapp, Swink & Hutchins, and O. O. Efird for plaintiff.*
*J. E. Alexander for defendant.*

Clark, C. J. The plaintiff having canceled the security he held for the $1,065.84, contends that though he was paid by Byerly's check that sum out of the proceeds of the check which he handed to Byerly he is entitled to recover the full amount of the check which he made payable to Adella Byerly, and which by an endorsement unauthorized by her was paid by the bank.

A bank is liable for the payment of a check on a forged endorsement, unless the drawer was guilty of some negligence which caused the bank to pay it. "A bank is authorized to pay only to the person designated by the depositor. It cannot charge against the depositor's account an amount paid by it on a forged endorsement of the depositor's check unless such payment is properly attributable to the negligence or other fault of the depositor, or unless the money has actually reached the person who the drawer intended should receive it, or the drawer himself." 7 C. J., sec. 414, p. 686.

In 2 Daniels Neg. Instruments, it is said, as quoted in note 23 to 7 C. J., 678: "Cases have arisen in which checks have been paid on forged endorsements made by the person to whom the drawer delivered the check, mistaking his identity for the one who is designated as payee; and although it be a forgery of the name of the person whom the bank took him to be, it has been considered that the bank should be protected in paying the check because the drawer was in fault in the first instance, and the person who forged the instrument was the person to whom the drawer actually delivered the instrument." We do not think this quotation, however, is in point. For there was no mistake as to the person, W. B. Byerly, to whom the check was paid, which was endorsed "Adella J. Byerly by W. B. Byerly."

We do not think these, and other similar authorities, have a bearing upon this question. The endorsement of the check to the bank was not forged by W. B. Byerly who obtained the money thereon. The check was obtained from the plaintiff by the forgery of a mortgage purporting to be signed by Adella Byerly, and the check procured on such forgery was handed by the drawer to W. B. Byerly, but the check was made payable to Adella J. Byerly. Whether the plaintiff was negligent or not in making a check payable to Adella J. Byerly upon the faith of a forged mortgage purported to be executed by her, and acknowledged before a notary public, who certified that Adella J. Byerly had signed the deed in trust, is not the issue in this case.

The plain fact here is that the plaintiff gave a check, payable to Adella J. Byerly, and that check was paid by the bank, not upon her forged signature, but to W. B. Byerly, a depositor well known to the bank, who endorsed the check "Adella J. Byerly, by W. B. Byerly." It is, therefore, not the case of the payment of a check upon a forged endorsement, but upon a genuine endorsement made by W. B. Byerly, and the defect is not a forgery, for there was none in this respect, but the bank negligently assumed that W. B. Byerly had authority to endorse the paper "Adella J. Byerly, by W. B. Byerly." There was no negligence of the plaintiff shown to justify this negligence of the bank.

BUTLER *v.* MFG. CO.

Upon the evidence the court properly directed .the jury to answer all the issues in favor of the plaintiff, except as to the fifth issue, as to which he directed the jury to credit the check with the amount of $1,065.84, repaid to the plaintiff out of the proceeds of the plaintiff's check, which had been credited to Byerly.

The amount returned to the plaintiff came out of the proceeds of the check issued to Adella J. Byerly, and, inasmuch as the plaintiff had canceled the mortgage held by him against W. B. Byerly by reason of the forged instrument delivered to him, such cancellation, as between the plaintiff and W. B. Byerly, was a nullity, and his remedy as to so much of the proceeds ($1,065.84) as was repaid to him is to be sought by reinstatement of his lien against Byerly; and if that has been lost by the sale of the property in the meantime to other parties, it is the plaintiff's loss.

As between the plaintiff and the bank the amount of the check paid by it on Byerly's unauthorized endorsement should be credited with the $1,065.84, which was repaid to the plaintiff by Byerly out of the proceeds of the check, for this measures the loss which the plaintiff has sustained by reason of the payment of the check upon the endorsement thereof by W. B. Byerly. The $1,065.84, if lost by plaintiff, has been lost by his acceptance of the forged security.

As to both appeals we find

No error.