REBECCA GOODLOE v. THE FIDELITY BANK.

(Filed 12 April, 1922.)

**Banks and Banking—Deposits—Checks—Principal and Agent—Signature.**

Upon the plaintiff sending money for deposit in the bank by W., the bank opened an account in the plaintiff's name and issued its pass book to her, and agreed, without the knowledge or consent of the plaintiff, that the checks should be signed in the plaintiff's name by W., and on these checks, so written and signed, the money was withdrawn from the bank to the plaintiff's loss: *Held,* there being neither express nor implied authority given by the plaintiff to W., to check out the money, as stated, the defendant bank is liable to the plaintiff for her loss.

APPEAL by plaintiff from *Kerr, J.,* at the January Term, 1922, of DURHAM.

Civil action to recover $143, money deposited in the defendant bank by agent of plaintiff, and alleged to have been paid out on checks unauthorized by depositor.

From a judgment in favor of defendant the plaintiff appealed.

*R. O. Everett for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

STACY, J. This was an action, commenced in the court of a justice of the peace, and tried *de novo* on appeal to the Superior Court of Durham County. In the latter court the parties waived a jury trial and submitted the case to his Honor for determination on an agreed statement of facts, the material parts of which were as follows:

On 16 August, 1917, Rebecca Goodloe had Eugene Weaver to deposit to her credit in the Fidelity Bank the sum of $143. No part of said sum was ever drawn out by the plaintiff, and she at no time gave authority to any one to withdraw the same.

When Eugene Weaver deposited said money in the bank he had an agreement with the teller that he might check the deposit out by signing the checks: "Rebba Goodloe, per Eugene Weaver." The passbook was made out in the name of Rebecca Goodloe, and the account stood in her name on the books of the bank.

Eugene Weaver was permitted by the defendant to draw out said account, and he had the passbook in his possession at the time of his death in 1921. The defendant permitted this to be done without authority from the plaintiff and without her knowledge or consent.

The defendant bank had no direct dealings or communication with Rebecca Goodloe at any time prior to the death of Eugene Weaver; and the defendant was never notified by her not to pay said money to Weaver.

Upon these, the facts chiefly relevant, we think his Honor should have rendered judgment in favor of the plaintiff. The actual or implied authority of Weaver to withdraw said deposit (*Heath v. Trust Co.,* 69 N. E., 215) is specifically negatived by the facts agreed; hence, we are driven to the conclusion that the defendant has paid out the plaintiff's money wrongfully and without authority. 2 C. J., 664; 7 C. J., 641; 3 R. C. L., 546.

"A bank receives the depositor's funds upon the implied condition of disbursing them according to his order, and upon an accounting is liable for all such sums deposited, as it has paid away without receiving valid directions therefor." *Crawford v. Bank,* 100 N. Y., 50. Again, in *Hall v. Fuller,* 5 B. & C., 750, *Bailey, J.,* speaking for the Court, said: "If the banker unfortunately pay money belonging to the customer upon an order not genuine he must suffer, and to justify the payment he must show that the order was genuine, not in the signature only, but in every respect."

Applying these principles to the facts in hand, we think the plaintiff is entitled to recover. This will be certified to the Superior Court, to the end that judgment may be entered for the plaintiff on the agreed statement of facts.

Reversed.