LARRY DAWSON and D. G. WHITE, Trading as DAWSON & WHITE, v. NATIONAL BANK OF GREENVILLE, and W. S. MOYE and J. J. GENTRY, Trading as MOYE & GENTRY.

(Filed 10 October, 1928.)

**Bills and Notes—Checks—Acceptance and Liability of Drawee Bank.**

> While a bank is not liable to the payee of a check for moneys drawn on it by a depositor having sufficient funds therein until acceptance or certification by the bank, C. S., 3171, acceptance may be evidenced in various ways, as where it pays the check without endorsement to some person unauthorized by the payee to receive it and charges the amount to the depositor's account, and where evidence on this point is conflicting an issue is raised for the jury, and a judgment as of nonsuit should be denied. The question of the maker's liability to the bank under a written instruction to pay the check as if made payable to bearer is not presented by the record, and is not decided.

APPEAL by plaintiffs from Grady, J., at May Term, 1928, of PITT. Reversed.

This is an action to recover of defendant bank the proceeds of a check drawn on said bank by Moye & Gentry, and payable to the order of plaintiffs. It is alleged in the complaint that said check, without the endorsement of plaintiffs or of either of them, was presented to the bank for payment by some person without the authority of plaintiffs, and that the bank paid the amount of said check to such person, and charged the said amount to the account of the drawers, Moye & Gentry. It is further alleged therein that the proceeds of said check have not been paid to plaintiffs or to either of them.

The defendant bank, answering the allegations of the complaint, denied that said check was presented for payment by some person without authority of plaintiffs or that payment of the proceeds of said check was made to a person who was without authority from plaintiffs to receive the same. It alleged that payment was made to plaintiffs or to one of them, or if not, to some person who was authorized by plaintiffs

DAWSON *v.* BANK.

to present said check for payment and to receive the proceeds of the same. Upon motion of defendant bank Moye & Gentry, the drawers of the check, were duly made parties defendants in the action. It is admitted in their answer, as alleged in the answer of defendant bank, that the said Moye & Gentry had authorized the defendant bank to pay said check, without the endorsement of the payees named therein, just as if said check had been payable to bearer. Moye & Gentry are engaged in business as warehousemen for the sale of leaf tobacco, and pay for tobacco sold by them by checks on defendant bank. They had authorized the defendant bank to pay their checks drawn on it, by letter addressed to said bank and signed by them, as follows:

"Dear Sirs: Although our Farmers' checks are payable 'to order,' we will thank you to pay them as if payable to 'bearer,' without requiring them to be endorsed, or the holder identified."

In paying said check, without endorsement of plaintiffs, payees named therein, defendant bank relied upon said letter as its authority so to do. Both the defendants in their answers allege that the check was presented for payment by and that payment was made to the plaintiffs, or to one of them, or, if not, to some person who was authorized by plaintiffs to make such presentment and to receive such payment.

From judgment dismissing the action, upon motions of both defendants, at the close of the evidence offered by plaintiffs, plaintiffs appealed to the Supreme Court.

*Albion Dunn for plaintiffs.*
*F. G. James & Son for National Bank of Greenville.*
*J. C. Lanier for Moye & Gentry.*

CONNOR, J. It is admitted in the pleadings in this action that the check dated 21 October, 1926, drawn by Moye & Gentry, and payable to the order of plaintiffs, was presented for payment to defendant, the drawee bank, without endorsement, during the day on which it was drawn; and that the defendant bank paid the proceeds of said check to the person who made such presentment and charged the amount thereof to the account of the drawer. The only issue of fact arising upon the pleadings is as to whether presentment was made by, and payment made to plaintiffs, or to some person authorized by them to make such presentment and to receive such payment. There was evidence on behalf of plaintiffs tending to show that presentment was not made by and that payment was not made to plaintiffs or to either of them, and that the person who presented the check for payment and to whom payment was made was not authorized by plaintiffs, or by either of them to make such

presentment or to receive such payment. It was, therefore, error to allow defendants' motion for judgment as of nonsuit, at the close of plaintiffs' evidence, and to dismiss the action, unless upon all the facts admitted in the pleadings, or shown by the evidence, plaintiffs are not entitled to recover of either of the defendants in this action. Upon this appeal it is assumed, as plaintiffs' evidence tends to show, that the check was presented by and that payment was made to some person, who was without authority from plaintiffs or from either of them to present the check, or to recover payment therefor. This assumption is in accordance with the well established rule that upon a motion for judgment as of nonsuit the evidence is construed most strongly for the plaintiff.

The law in this State, both by statute and by authoritative decisions of this Court, is to the effect that the payee of a check cannot maintain an action upon the check against the bank on which the check is drawn, unless and until the check has been accepted, or certified by the bank. C. S., 3171; *Trust Co. v. Bank,* 166 N. C., 112, 81 S. E., 1074. Until the check is accepted or certified by the drawee bank, there is no contractual relation between the payee or holder of the check, and the drawee bank, out of which a cause of action founded upon the check can arise in favor of the payee or holder, and against the bank. By its acceptance or by its certification of the check, the drawee bank becomes liable to the payee or holder, who may thereafter maintain an action on the check against the bank, because the bank has by its acceptance or certification assented to the order of the drawer for the payment of the check, and contracted to pay the amount of the check to such payee or holder. The bank, after its acceptance or certification of the check, is entitled to credit for the amount thereof, as against the drawer. Although it has neither accepted a check drawn upon it, nor certified the check, the drawee bank may by its conduct with respect to such check become liable to the payee or holder, upon the check, or for its proceeds with the same effect as if it had formally accepted or certified the check.

In *Trust Co. v. Bank, supra,* it is said by *Walker, J.:* "We have held that where a bank has refused to pay a check the holder has no cause of action thereon against the bank, but must seek his remedy against the drawer, the bank being liable only to the drawer for its breach of promise to pay the check, there being an implied promise by the bank, arising from the deposit of his funds with it, that it will pay his checks when and as they are presented. If the bank fails to perform this promise, it becomes liable to the drawer for the damages sustained by him on account of its refusal or failure to pay his check. But the holder of the check can only sue the drawer, and cannot sue the bank. The reason why the holder of the check is not permitted to sue the bank has been

DAWSON *v.* BANK.

stated by the authorities to be that there is no privity between the holder
of the check and the bank, until by certification of the check or accept-
ance thereof, express or implied, or by any other act or conduct it has
made itself directly liable to the holder." In support of this statement
of the law, *Bank v. Bank,* 118 N. C., 783, 24 S. E., 524, and *Hawes v.
Blackwell,* 107 N. C., 196, 12 S. E., 245, are cited.

In *First National Bank v. Whitman,* 94 U. S., 343, 24 L. Ed., 229,
cited by *Walker, J.,* in *Trust Co. v. Bank, supra,* as authoritative, it is
said : "We think it is clear, both upon principle and authority, that the
payee of a check, unaccepted, cannot maintain an action upon it against
the bank on which it is drawn." It is, however, further said in the
opinion in that case that "it is not to be doubted, however, that it is
within the power of a bank to render itself liable to the holder and
payee of the check. This it may do by a formal acceptance written upon
the check, in which case it stands to the holder in the position of a
drawer and acceptor of a bill of exchange. It may accomplish the same
result by writing upon it the word 'good' or any similar words which
indicate a statement by it that the drawer has funds in the bank applica-
ble to the payment of the check and that it will so apply them. And
such certificate it is said, discharges the drawer. As to him it amounts
to a payment."

In the instant case it is admitted that upon presentation of the check,
drawn by its depositor, who had to his credit with the bank an amount
more than sufficient for the payment of the check, the drawee bank
assented to the order of its depositor, retained the check, and charged
the amount of the check to his account. The defendant bank then paid
the proceeds of the check to the person who presented it for payment.
Both the drawee bank and the drawers of the check allege that the
check was paid by the bank. If the jury shall find from the evidence
that the proceeds of the check were not paid to plaintiffs, or to some
person authorized by the plaintiffs to present the check for payment and
to receive said proceeds for or on behalf of plaintiffs, then plaintiffs as
the payees of the unendorsed check are entitled to recover of defendant
bank the proceeds of the check. The defendant bank admits that it
assented to the order of the drawers of the check to pay out of their
funds, on deposit with it, the amount named in the check; that it charged
said amount to the account of the drawers, and that it retained the
check in its possession. It thereby became liable to the owner of the
check for its amount; the payment of this amount to some person other
than the owner of the check, or to some person not authorized by said
owner to receive payment, did not discharge the bank of this liability.
*Pickle v. Peoples National Bank,* 88 Tenn., 381, 12 S. W., 919, 7
L. R. A., 93, 17 Am. St. Rep., 900.

In the above cited case, in which it is held that the acceptance of a check, so as to give a right of action to the payee, is inferred from the retention of the check by the bank, and a subsequent charge of its amount to the drawer, although it was presented by and payment made to an unauthorized person, *Lurton, J.,* writing the opinion for the Court, says: "Where a bank has negligently paid a check to an improper person, it would seem that, in good conscience, the true owner and payee ought not to be remitted to his action against a palpably insolvent drawer, for thereby he may lose his debt altogether. A legal principle, however, stands in the way, in that there is no privity between himself and the bank until the bank has assented to the order of the drawer requiring it to pay to the holder of the check the sum of money named. The assent which is necessary before there is any contract relation between the holder of the check and the bank is what is meant by acceptance. This assent need not be by endorsement of 'good' across the check, or by any other particular words, either in writing or oral. The question of assent or acceptance is one of fact, and may be made out by any of the methods by which a fact is proven."

The act or conduct of defendant bank, in the instant case, with respect to the check payable to the order of plaintiffs, and presented for payment without their endorsement, was in effect an acceptance of the check, and renders the bank liable to the true owner of the check for its proceeds.

We do not now decide, upon this record, whether or not, in any event, Moye & Gentry, the drawers of the check, are liable to plaintiffs, or whether or not they may be held liable to their codefendant, the National Bank of Greenville. These questions are not now presented for decision. The cause of action alleged in the complaint is not founded upon the check; plaintiffs do not demand judgment against the drawers of the check. They have sued the drawee bank. Moye & Gentry have been made parties defendant upon motion of defendant bank. The authority given by them to the bank to pay their checks, payable "to order" just as if made payable to "bearer," cannot affect the rights of plaintiffs. Whether in the event plaintiffs recover in this action of defendant bank, the drawers of the check may be held liable to the drawee bank, is not presented for decision.

There was error in sustaining the motion of defendants for judgment as of nonsuit, and in dismissing the action. The judgment must be

Reversed.