## MARY P. BELL v. MURCHISON NATIONAL BANK.

(Filed 31 October, 1928.)

### 1. Equity—Bill of Discovery—Examination of Adverse Party.

An application for an order for the examination of an adverse party under C. S., 901, must contain positive averments, and must not be argumentative, and mere statements that the examination is necessary and material is not sufficient, but the statute will not be construed so as to preclude an examination of an adverse party when the affidavit shows good faith, necessity, and materiality, and where it is alleged that the necessary information cannot be had from any person except the adverse

party because all other persons with such information are outside the jurisdiction, the application is sufficient, and an order based thereon will be upheld.

**2. Same—Inspection of Writings.**

While a "roving commission for the inspection of papers" will not be ordinarily allowed, an application for an order for inspection of writings is sufficiently definite when it refers to papers under the exclusive control of the adverse party, which relate to the immediate issue in controversy, which could not be definitely described, and an order based thereon will be upheld.

**3. Bills and Notes—Checks—Rights and Liabilities of Drawee Bank— Endorsement.**

A drawee bank of a check of its depositor is not liable in damages on the ground that the check had been paid by it without endorsement of the payee when it appears that the check had been paid and the proceeds applied to a debt for the payment of which it had been issued, and when the evidence is conflicting thereon the question is for the jury under proper instructions.

APPEAL by plaintiff from *Stack, J.,* at April Term, 1928, of NEW HANOVER.

Plaintiff brought suit to recover damages for the alleged negligence of the defendant in paying a check drawn on it by the plaintiff and not endorsed by the payee.

On 30 October, 1925, the plaintiff had on deposit with the defendant subject to her order the sum of $4,496.39 as a commercial or checking account, and on this date she drew a check on the defendant for $4,250, payable to the order of the Mizner Development Company, organized and doing business in the State of Florida with its principal office in the city of Miami, and forwarded said check to the payee by mail. Some time after 12 November, 1925, the check was presented to the defendant for payment by the Barnett National Bank of Jacksonville, Fla., the check at this time bearing an endorsement for deposit by Boca Raton Resales Corporation, Miami Bank and Trust Company, and the Barnet National Bank, previous endorsements having been guaranteed by the two last named banks. When the check was presented to the defendant for payment the Mizner Development Company, payee, had not endorsed it and its name appeared on the check only as payee. The plaintiff alleged that the defendant had negligently paid the check without the payee's endorsement and that she was entitled to the recovery of damages for the defendant's negligent failure to perform its duty in seeing that the check had been properly endorsed.

The defendant filed an answer alleging that in pursuance of a uniform custom among banks it relied upon the endorsement of the banks through which said check had passed and made payment of the check *in good*

faith; that although the check had been canceled and returned to the plaintiff on or about 1 December, 1925, plaintiff did not call the attention of the defendant to the fact that the check had not been endorsed by the payee until 10 May, 1926; that the Boca Raton Resales Corporation was an agency or branch of the Mizner Development Company, the two having offices in the same building and interlocking officers and employees and that the two corporations were to all intents and purposes one organization. The defendant further alleged that the plaintiff had entered into negotiations with these two corporations for the purchase of a certain lot in Boca Raton, Fla., at the price of $15,000 and had agreed to make payment as follows: $750 cash; $4,250 in 30 days; $2,500 four months after date, evidenced by a note, and the remainder in quarterly installments of $750 each; that on 9 October, 1925, the plaintiff issued her check to the Mizner Development Company for $750 and executed her promissory note for $2,500 payable to Boca Raton Resales Corporation, and afterwards forwarded to the Mizner Development Company her check for $4,250, which is the subject of the present action. It was alleged that the check for $750 bore the endorsement of the Boca Raton Resales Corporation, and that all negotiations had been conducted indiscriminately with both corporations, and that the Resales Corporation had conducted practically the whole of the transaction. Other defenses were set up in the answer to which it is not necessary more particularly to refer. The court submitted to the jury the following issue: "In what amount, if anything, is the defendant indebted to the plaintiff?" The answer to the issue being "Nothing," judgment was rendered in favor of the defendant and the plaintiff excepted and appealed upon assignments of error.

*K. O. Burgwin and Marsden Bellamy for plaintiff.*
*Varser, Lawrence, Procter & McIntyre for defendant.*

ADAMS, J. The defendant applied for an order to require the plaintiff to appear before the clerk of the Superior Court and to submit to an examination before trial as provided in section 901 of Consolidated Statutes. The order was made and the plaintiff was examined before a commissioner, but when the defendant offered the examination in evidence the plaintiff objected to its introduction on the ground that the affidavit was not sufficient to support the order. This Court has held that the application for an order of examination should be under oath, should set forth the nature of the action, and should aver that the desired information is not accessible to the applicant and that the examination is material and necessary; also that the application must be made in good faith and must not be perverted from its lawful purpose

into a means of harassing or oppressing the opposing party under the guise of a fair examination. *Chesson v. Bank,* 190 N. C., 187; *Bailey v. Matthews,* 156 N. C., 78.

The two objections urged by the plaintiff are that the affidavit does not show that the examination was necessary and material and does not set forth with particularity any papers or documents claimed to be essential to the defense.

The mere statement that an examination is necessary and material is not sufficient; the averments must be positive, and not argumentative. *Evans v. R. R.,* 167 N. C., 415; *Mica Co. v. Express Co.,* 182 N. C., 669. The defendant's affidavit is not subject to either of these two objections. It alleges that it is impossible for the defendant to get the necessary information from any person except the plaintiff because all other persons who have such information are not accessible to the defendant and are not within the jurisdiction of the court. The construction of section 901 should not be so limited or circumscribed as to preclude the examination of an adverse party when the affidavit shows good faith and the necessity and materiality of the desired information. *Smith v. Wooding,* 177 N. C., 547; *Whitehurst v. Hinton,* 184 N. C., 12.

As to the second objection it may be said that while a "roving commission for the inspection of papers" will not ordinarily be allowed, the defendant's affidavit referred to papers which were under the exclusive control of the plaintiff, which related to the immediate issue in controversy, and which manifestly could not be definitely described or particularly set forth. *R. R. v. Power Co.,* 180 N. C., 422; *LeRoy v. Saliba, ibid.,* 16.

The first assignment of error is without merit, the second and third are abandoned, and the fourth involves a hypothesis as well as the assumption that it was the defendant's legal duty to notify the plaintiff of nonendorsement by the payee. The proposed testimony which is the subject of the fifth in part at least essentially rests upon hearsay; and the sixth, if sustained, would be equivalent to permitting the witness to interpret the alleged contract.

One of the principal controversies between the parties was whether the Mizner Development Company and the Boca Raton Resales Corporation were substantially one organization, or, if different organizations, whether they conducted a joint enterprise. The jury were instructed that as the defendant admitted that it had paid the check without the payee's endorsement, it must bear the burden of satisfying the jury that the payee had received the proceeds of the check or that the proceeds had been applied as the plaintiff intended; and that if the bank had paid the check without proper endorsement and had satisfied the jury by the greater weight of the evidence that the proceeds had been

paid to the Mizner Company and had been applied as a credit on the purchase price, the plaintiff could not recover because she admitted that the check had been drawn as part payment of the price agreed on. *McKaughan v. Trust Co.,* 182 N. C., 543; *Dawson v. Bank, ante,* 134; 7 C. J., 686, sec. 414. The plaintiff concedes that this instruction is correct as an abstract proposition, but contends that there was no evidence on which it could be sustained. Upon inspection of the record, however, we are satisfied that there was evidence on this question which it would have been improper to withhold from the jury. On 20 May, 1927, the plaintiff brought suit in Florida against the Mizner Development Company and alleged that it had received the check for $4,250, and had afterwards obtained the proceeds therefrom. It is contended by the plaintiff that she had not discovered the facts in regard to the transaction at the time the suit was instituted in the Florida court, but this was merely a circumstance to be considered by the jury in connection with other evidence. There was evidence tending to show that the proceeds of the check had been applied as they would have been applied if the check had been endorsed by the Mizner Company, and that the plaintiff had made one of her checks payable to the Mizner Development Company and Boca Raton Resales Company, and that it had been endorsed only by the Mizner Development Company. The seventh and eighth assignments must therefore be overruled.

The thirteenth and eighteenth exceptions relate to the contentions which were not called to the attention of the court at the time and in the instruction which is the subject of the nineteenth exception we find no error. The other exceptions require no discussion.

No error.