VIRGINIA-CAROLINA JOINT STOCK LAND BANK v. THE FIRST AND CITIZENS NATIONAL BANK OF ELIZABETH CITY, N. C., ET AL.

(Filed 9 October, 1929.)

1. Trial F a—Issues submitted in this case held sufficient.

     Where the issues submitted to the jury fully present all phases of the controversy and fully determine the rights of the parties, they are sufficient, and the court's refusal to submit other issues tendered will not be held for reversible error.

2. Bills and Notes I a—Under the facts of this case the check sued on was competent evidence.

     In an action to recover of the drawee bank for the payment of a check when it was not properly endorsed, and the question of whether the en-

BANK *v.* BANK.

dorsement was proper, is the sole matter at issue under the pleadings and admissions upon the trial, the introduction of the check in evidence by the plaintiff showing payment and endorsements, is competent over the objection of the drawee bank.

**3. Bills and Notes B b—Endorsement in this case held invalid.**

Where the plaintiff has agreed to lend money to a borrower upon security of a deed of trust on lands, and has sent its check payable to the borrower and to the attorney in order that the title to the lands be unencumbered before the money should pass to the borrower, an endorsement by the attorney for himself and as agent, for the borrower, is an improper endorsement for the borrower. ·

**4. Bills and Notes I a—Upon the payment of improperly ·endorsed check the drawee bank is liable to the drawer.**

Where the drawee bank has received through the course of collection from other banks and paid a check with an improper or unauthorized endorsement which has not been subsequently ratified by the payee of the check, the relation of debtor and creditor exists between the drawer of the check and its drawee bank, and the drawee bank is liable to the drawer of the check upon the unauthorized payment.

**5. Same—Drawee bank has burden of proving proper payment.**

The obligation of a bank to pay the check of a depositor from the moneys on deposit rests upon the relationship of debtor and creditor, the bank being required to make payment to the drawer's payee upon proper presentment and endorsement of the check, with the burden of proof on the drawee bank to show a proper payment when this is at issue, and in the absence of evidence thereof its motion for judgment as of nonsuit will be denied.

**6. Bills and Notes I b—Banks in course of collection are not liable to drawer upon wrongful payment of check by drawee bank.**

Where banks in the course of collection of a check have successively guaranteed all prior endorsements of a check, each of such banks is responsible only to its immediate endorsee upon an invalid endorsement by the payee under the separate contracts or agreements among themselves, and the drawer of the check is not entitled to a judgment against them all for the amount of the loss.

APPEAL by defendants other than James Squire, from *Devin, J.,* at December Term, 1928, of PASQUOTANK. No error in trial; remanded for modification of judgment.

Civil action by the drawer to recover of the drawee bank, the amount of its check, paid by said bank without the valid endorsement of the payees, and charged to the account of the drawer; and also to recover said amount of the endorsers of said check who had guaranteed an endorsement on the check, purporting to be the endorsement of the payees, but which was invalid.

On 22 January, 1927, plaintiff issued its check for the sum · of $6,185.86, drawn on the defendant, the First and Citizens National

Bank of Elizabeth City, N. C., and payable to the order of "E. A. Matthews, atty., and James Squire, bwr."

Prior to said date plaintiff had agreed to lend to the said James Squire the amount of said check, upon the execution by him of a note for said amount and a deed of trust, conveying to a trustee certain land in Halifax County, North Carolina, to secure the payment of said note. The note and deed of trust had been executed by the said James Squire, and both had been delivered to plaintiff by him, in accordance with said agreement. A certificate signed by E. A. Matthews, an attorney at law, residing at Roanoke Rapids, N. C., with respect to the title of the said James Squire to said land, accompanied said note and deed of trust, when they were delivered to the plaintiff. This certificate was required by plaintiff before its acceptance of the note and deed of trust. Upon its receipt of the note, the deed of trust, and the certificate as to the title to the land, plaintiff issued its check payable to the order of both E. A. Matthews, as attorney, and James Squire, as borrower, in order that all claims and liens on the land should be satisfied and discharged by the said James Squire, the borrower, under the supervision of the said E. A. Matthews, as attorney, before the proceeds of the check were paid to the said James Squire. By pursuing this method of completing the transaction with respect to the loan, plaintiff was assured that its note would be secured by an unencumbered title to the land conveyed by the deed of trust. The entire transaction between James Squire as borrower, and the plaintiff as lender of the money, was conducted by mail.

After the issuance of said check, the same was subsequently presented for payment to the defendant, the First and Citizens National Bank of Elizabeth City, N. C., the drawee bank, by the defendant, Federal Reserve Bank of Richmond, Va., as holder under endorsements of the check by the defendants, Commercial National Bank of Raleigh, N. C., and First National Bank of Roanoke Rapids, N. C. At the date of such presentment, the check was also endorsed as follows: "E. A. Matthews, atty., James Squire, bwr., by E. A. Matthews, atty." This last endorsement was guaranteed to the drawee bank, by each of the other defendant banks.

Upon presentment of the check to it, for payment, the defendant, the First and Citizens National Bank of Elizabeth City, N. C., charged its amount to the account of plaintiff, and marked the check "paid"; the said defendant thereafter remitted said amount to the defendant, Federal Reserve Bank of Richmond, Va.; the said Federal Reserve Bank thereafter remitted said amount to the defendant, Commercial National Bank of Raleigh, N. C.; the said Commercial Bank, in its answer, admits the receipt of said amount, and alleges that it holds the same to the credit of the defendant, First National Bank of Roanoke Rapids,

N. C., or subject to the judgment in this action; the said defendant, First National Bank of Roanoke Rapids, N. C., had received the check from E. A. Matthews, and had paid to him its amount; at the date of such receipt and of such payment, the check bore the following endorsement: "E. A. Matthews, atty., James Squire, bwr., by E. A. Matthews, atty." The said check was thereafter forwarded by the said First National Bank of Roanoke Rapids, N. C., with its endorsement, and with its guarantee of all prior endorsements, to the defendant, Commercial National Bank of Raleigh, N. C., for collection. It was thereafter forwarded by the said Commercial National Bank, with its endorsement and with its guarantee of all prior endorsements, to the defendant, Federal Reserve Bank of Richmond, Va., for collection. It was thereafter forwarded by the said Federal Reserve Bank, with its endorsement and with its guarantee of all prior endorsements, to the defendant, the First and Citizens National Bank of Elizabeth City, N. C., for payment. The said defendant, the First and Citizens National Bank, relying upon the endorsements thereon, charged the check to the account of plaintiff, as drawer and remitted its amount to the defendant, Federal Reserve Bank of Richmond.

Plaintiff alleges that the endorsement on the check, purporting to be the endorsement of the payees is invalid, for that same was made without the authority of James Squire, one of the payees. The defendants deny this allegation; each alleges that said endorsement was authorized by the said James Squire, or if not, that same was subsequently ratified by him.

After the commencement of the action, James Squire was made a defendant on the motion of the defendant, First National Bank of Roanoke Rapids, N. C. In his answer, the said James Squire denied that he had authorized the endorsement of the check in his name by E. A. Matthews, as attorney; he also denied that he had ratified the said endorsement, by accepting from the said E. A. Matthews any part of the amount of the said check, or otherwise. He prays judgment only that he go without day and recover his costs. He makes no claim to the check, now in the possession of the drawer, marked "paid" by the drawee bank, or to the amount of the check paid by said drawee bank to the holder, without the valid endorsement of the payees.

No evidence was offered at the trial showing or tending to show that James Squire had authorized the endorsement of the check in his name by E. A. Matthews, as attorney, or that he had ratified said endorsement, as alleged in the answers of the defendant banks.

Each of the defendant banks, although denying its liability to plaintiff in this action, prayed judgment that in the event it should be held liable to the plaintiff, or to any of its codefendants, it recover of such

of its codefendants as were endorsers, and guarantors of prior endorsements on the check, when the same was received by it, the amount which it should be required to pay on the judgment rendered against said defendant.

Issues submitted to the jury were answered as follows:

"1. Did the defendant banks pay out to others than the payees named in the check described in the complaint, and upon an unauthorized endorsement thereof, funds of the plaintiff, as alleged in the complaint? Answer: Yes.

2. Are the defendant banks indebted to the plaintiff, and if so, in what amount? Answer: $6,185.86."

Judgment was rendered on the verdict (1) that plaintiff recover of the defendants, First National Bank of Roanoke Rapids, N. C., Commercial National Bank of Raleigh, N. C., Federal Reserve Bank of Richmond, Va., and the First and Citizens National Bank of Elizabeth City, N. C., the sum of $6,185.86, with interest and costs; (2) that each of said defendant banks recover of its immediate endorser such sum as it shall be required to pay to plaintiff, or to its immediate endorsee, on account of the judgment herein against it, and in favor of the plaintiff; and (3) that the defendant, James Squire, go without day, and recover his costs to be taxed by the clerk, against the defendant, First National Bank of Roanoke Rapids, N. C.

From this judgment all the defendants, except James Squire, appealed to the Supreme Court.

*Worth & Horner and Thompson & Wilson for plaintiff.*

*,Ehringhaus & H,a,ll for The First and Citizens National Bank of Elizabeth City, N. C.*

*M. G. Wallace for Federal Reserve B,a,n,k of Richmond, Va.*

*C. A. Gosney for Commercial National Bank of Raleigh, N. C.*

*Geo. C. Green and McMullan & LeR,oy for First National Bank of Roanoke Ra,pids, N. C.*

CONNOR, J.   We find no error in the trial of this action for which either of the appellants is entitled to a new trial.

The objection of the defendant, the First and Citizens National Bank of Elizabeth City, N. C., to the introduction in evidence of the check, with endorsements thereon, and with the perforation showing that the check had been paid by said defendant, was properly overruled. The exception to the ruling of the court on this objection is not sustained. The check was competent as evidence by reason of admissions made by the defendant in its answer. These admissions were offered as evidence against this defendant by the plaintiff. Neither of the other defendants objected to the introduction of the check. The check and the admis-

sions tended to sustain the allegations of the complaint, relied upon by plaintiff as constituting its cause of action against the defendant, the First and Citizens National Bank of Elizabeth City, N. C.

There was no error in the refusal of the court to submit to the jury the issues tendered by the defendants. Plaintiff did not allege in its complaint, or contend at the trial that it was the owner of the check, nor is its cause of action as set out in the complaint founded upon such allegation or contention.

Plaintiff's cause of action against the defendant, the First and Citizens National Bank of Elizabeth City, N. C., is founded upon its relationship to said defendant as a depositor; it alleges that said defendant has on deposit to its credit and subject to its check, a sum of money which said defendant refuses to pay to it or to its order; that said defendant denies liability to plaintiff for said sum of money, upon its contention that it has paid out said sum on a check drawn by plaintiff on said defendant. Plaintiff controverts this contention, and demands judgment that it recover of said defendant the amount of its deposit.

Plaintiff's cause of action against the other defendants is founded upon the guarantee by each of said defendants of an endorsement appearing on the check, purporting to be the valid endorsement of the payees, but which plaintiff contends is invalid. Plaintiff contends that each of these defendants by reason of its endorsement and guarantee of the void endorsement in the names of the payees is liable to it, as drawer of the check, for the amount which the drawee bank has, without its authority, charged to its account.

It is true that there are allegations in the complaint which are appropriate to a cause of action for the conversion of money belonging to plaintiff. Plaintiff did not rely upon these allegations for its recovery in this action; it offered no evidence at the trial to sustain them. Its recovery, at least of the defendant, the First and Citizens National Bank of Elizabeth City, N. C., is not dependent upon the truth of these allegations. It has recovered of said defendant upon a cause of action founded upon its contractual rights as a depositor of said defendant. It is immaterial whether the cause of action set out in the complaint be classified as a cause of action on a contract, or as a cause of action on a tort. *Estates v. Bank,* 171 N. C., 579, 88 S. E., 783. There are allegations in the complaint which construed liberally and with a view to substantial justice (C. S., 535), are sufficient to constitute a cause of action on contract. Other allegations may be regarded as surplusage. Exceptions to the refusal of the court to submit issues tendered by defendants are not sustained.

The issues submitted by the court to the jury arise upon the pleadings. They are sufficient in form and substance for the submission to

the jury, for its determination, of the contentions of the parties with respect to the essential question in controversy, to wit: Whether the amount charged to the account of plaintiff, as a depositor of the drawee bank, was paid by said bank to the payees, or to a holder claiming title to the check under a valid endorsement by the payees? It has been held by this Court that where issues submitted by the court to the jury are sufficient in form and substance to present all phases of the controversy between the parties, there is no ground for exception to the same. *Bailey v. Hassell,* 184 N. C., 450, 115 S. E., 166; *Potato Co. v. Jeanette,* 174 N. C., 236, 93 S. E., 795; *Power Co. v. Power Co.,* 171 N. C., 248, 88 S. E., 349. A new trial will not ordinarily be granted by this Court where it appears that the issues submitted to the jury presented for their determination the essential questions in controversy, although other questions not determinative of liability are also included in the issues. The liability of the defendants in this case to the plaintiff and to each other is dependent solely upon the answer to the question involved in the first issue, to wit: Was the endorsement on the check, purporting to have been made by the payees, authorized or ratified by James Squire, one of the payees named in the check, to whose order alone the check was payable? It is conceded in the answer of each of the defendants that if plaintiff is entitled to recover in this action of the defendant, the First and Citizens National Bank of Elizabeth City, N. C., the drawee bank, then each of the other defendants, by reason of its endorsement of the check, and of its guarantee of all prior endorsements thereon, is liable to the drawee bank, to its immediate endorsee, and to subsequent holders, under said endorsements, for such amount as plaintiff shall recover of the drawee bank, who paid out such amount upon the faith of said endorsements and guarantees. It does not appear that either of the defendants have any valid ground for its exception to the issues submitted to and answered by the jury.

There was no error in the refusal of the court to dismiss the action, as upon nonsuit, at the close of the evidence, or in the instructions of the court to the jury. Neither of defendants offered evidence in support of the allegations of its answer. Each relied upon its contention that the burden was on the plaintiff to prove that the endorsement on the check of the name of James Squire, one of the payees, by E. A. Matthews, atty., was neither authorized nor ratified by the said James Squire. This contention cannot be sustained; upon the admissions in the pleadings and the facts shown by the evidence offered by plaintiff, the burden was on the defendants to offer evidence to show that the endorsement was either authorized by James Squire, or ratified by him, as alleged in their answers. *Bell v. Bank,* 196 N. C., 233, 145 S. E., 241.

It is a well settled principle that the relationship between a depositor and his bank, with respect to his general deposit, is that of a creditor and debtor. It has been so held by this Court. *Graham v. Warehouse,* 189 N. C., 533, 127 S. E., 540; *Reid v. Bank,* 159 N. C., 99, 74 S. E., 746; *Boyden v. Bank,* 65 N. C., 13. Where money has been deposited in a bank, on general deposit, the bank impliedly undertakes to pay out said money only to the depositor himself, or to such person as he may direct payment to be made. *Goodloe v. Bank,* 183 N. C., 315, 111 S. E., 516; *McKaughan v. Bank,* 182 N. C., 543, 109 S. E., 355. The deposit, in the absence of a special agreement to the contrary, creates a debt; this debt can be discharged only by a payment or by payments made to the creditor, or to his order. The burden is on the bank as debtor, to show payment to the depositor as creditor or to a person or persons to whom the depositor has authorized payment to be made. *Harmon v. Taylor,* 98 N. C., 341, 4 S. E., 510.

Where it is admitted or established by evidence that at a certain date, a depositor had on deposit with his bank, to his credit and subject to his check, a sum of money and the bank contends that it has been discharged of liability by reason of such deposit, either in whole or in part, by the subsequent payment of a check drawn by said depositor on said bank, the burden is on the bank to show that the amount of the check was paid to the payee named in the check, or if the check is payable to bearer, that said amount was paid to a holder in possession of the check, or if the check is payable to the order of the payee, that said amount was paid to a holder claiming title to the check under a valid endorsement of the check by the payee. In the absence of evidence showing such payment, the bank remains liable to the depositor, notwithstanding payment of the amount of the check to a stranger and notwithstanding the check has been marked "paid" by the bank, and charged on its books to the account of the drawer.

This principle is recognized in *Bell v. Bank,* 196 N. C., 233, 145 S. E., 241. In that case, however, it was held that the drawer was not entitled to recover of the drawee bank, for the reason that although the amount of the check payable to the order of the payee was paid to a holder without the endorsement of the payee, said amount had been paid subsequently to the payee by such holder, as the drawer of the check intended. The plaintiff had therefore suffered no loss, for the amount of the check had been applied as a payment on her indebtedness to the payee.

In *Dawson v. Bank,* 196 N. C., 134, 144 S. E., 833, the payees and not the drawers were plaintiffs. It was held that upon the facts which the evidence tended to show in that case the plaintiffs were entitled to recover of the drawee bank, the amount of the check payable to their

order and paid by the drawee bank to a holder without their endorsement. There the drawers by special agreement had authorized the drawee bank to pay their checks, although drawn payable to order, as if they had been drawn payable to bearer. In the instant case the payees make no claim on the drawee bank for the amount of the check, which the drawee bank has paid to a holder without their valid endorsement. By virtue of the provisions of C. S., 3022, the endorsement of the check by one of the payees, in his own name, and in the name of the other payee, without the authority of the latter, was invalid and passed no title to the check to the endorsee or to subsequent holders. Payment of the check to a holder, without the valid endorsement of the payees, did not discharge the drawee bank from liability to the drawer for its deposit.

Upon the verdict in this case, it was properly adjudged that plaintiff recover of the defendant, the First and Citizens National Bank of Elizabeth City, N. C., the amount of its check, charged to its account by said defendant. Said amount was not paid to the payees, or to their order, as plaintiff directed when it issued its check.

Plaintiff is not entitled, however, to judgment against the other defendants. These defendants sustained no contractual relation to the plaintiff, by reason of which they are liable to plaintiff upon the verdict in this action. Endorsers of a check are liable only to their immediate endorsees, to subsequent holders, and to the drawee bank. The judgment should be modified to the end that the drawee bank shall recover of each of the other defendants the amount which it shall be required to pay to plaintiff in satisfaction of its judgment; and to the end that each of the defendants may recover such amount as it shall be required to pay by reason of its endorsement of the check, and its guarantee of prior endorsements thereon, of its codefendants, prior endorsers of said check. In order that the judgment may be modified in accordance with this opinion, the action is remanded to the Superior Court of Pasquotank County.

No error.