RueeiN, Judge.
 

 The first observation called for by the case is, that the statements in the answers, that it formed a part of the contract between the plaintiff and
 
 Jimason,
 
 that the former should discharge the latter from execution, is entirely unsupported. No. witness speaks of it, and the answers themselves as to that, go out of the ehargesof the bill, and bring this matter forward as a new and substantive defence. The defendants ought therefore to prove it. They have not been able by any body but themselves, and their answers arc not evidence for, any
 
 *278
 
 more than against each other. The gross contradictions between them, (to he accounted for perhaps,
 
 by the
 
 circumstance, that
 
 Price’s
 
 answer was drawn at his present residence in Alabama,) may be the reason, and it seems to be a good one, why they have not respectively taken each other’s depositions to that and other parts of the case. At present, their case is without evidence on this point.
 

 As the answers of the defendants respectively, are not evidence against the others, each can be charged only on his own answer and the depositions.
 

 The fact of the assignment to the plaintiff, is distinctly proved by several witnesses, as early as November, 1829, and this is evidence which affects all the defendants as to that fact, and as to the purpose of the transfer.
 

 The answer of
 
 Price,
 
 contains a distinct acknowledgment of notice of this assignment, qualified indeed by stating other terms besides those alleged by the plaintiff, but without any support as to that qualification. And the whole is put beyond a doubt as to him. by the fact, admitted by him, that
 
 Ellis
 
 had the paper in his possession, which no doubt, caused him to be so anxious to obtain a written assignment, though advised by counsel that a verbal one would be equally good against Jhnascm.— Under these, circumstances, the subsequent receipt of the money, charges him to the full extent of the plaintiff’s demands; that is, for the debt paid by him, and interest and reasonable expenses incurred, or to be incurred, in the prosecution of the suit at law, of which an account must be taken.
 
 Price
 
 is thus chargeable, whatever may be the issue of the suit against
 
 Little;
 
 for he cannot say that
 
 Little
 
 did not owe the debt, though
 
 Little
 
 himself may.
 
 Price
 
 has received it, and he received it in trust for
 
 Ellis.
 
 But as that may not be an effectual security to the plaintiff, he has also aright to proceed at law against
 
 Lillie,
 
 notwithstanding the payment to the others, if made with notice of
 
 Ellis’
 
 rights, and in bad faith.
 

 Upon the question of notice, the court concurs with the counsel for
 
 Little,
 
 that it ought to be plain, positive and direct information. A rumor, or that which might
 
 *279
 
 pnt men upon enquiry in ordinary cases, will not do to affect a debtor with notice of the assignment of a
 
 chose in action.
 
 Debtors are bound to seek their creditors, but they are not bound to search the woidiljdiijt may pay the original creditor, unless distinct notice of the rights of tlie assignee be brought home. B.ut that need not be by proof of such notice from the assignee personally, though xn general, it is satest and would be required except in those cases of palpable collusion' to arrange the . . ° demand with the sole intent ot defeating the assignment, Such conduct is in itself evidence that a personal demand has been made, or whatever is necessary has been done, If, for instance, the original creditor inform the debtor that he has made a parol assignment, and for .that reason, he cannot give up the note which he delivered to the as-signee, and, in order to defeat it, seeks and obtains payment, it is a case of plain fraud, which carries conviction with it, ami dispenses with further proof of notice.
 

 Notice of the as-bond, should be direct> hi “cierto gor with a wrong-fuI payment of it; but notice maybe proved otherwise *an by aperson-tionfiom the as.-slsnee-
 

 Such I conceive this case to be. The witnesses speak precisely to
 
 Little’s
 
 declarations o,f his knowledge of the plaintiff’s assignment, and of his efforts to get a receipt from
 
 Jhnason.
 
 expressly with the view to defeat it, and boasting that he had done it. And although his answer affects to deny notice, bis own statements corroborate the testimony. The denial is special, that
 
 Ellis
 
 did not give him notice, but not that he bail none from any other person, lie admits too. that when
 
 Price
 
 shewed him his assignment, (which
 
 Price
 
 says he never even informed him of,) he understood that
 
 Ellis
 
 had a prior claim, but that
 
 Price
 
 and
 
 Ellis
 
 had come
 
 to some
 
 arrangement between themselves ; and he admits, that the latter conducted the trial. But above all, the circumstances of the settlement are convincing. He says, that he settled in March, within a few weeks after taking the appeal, which he had expressed such strong hopes of prosecuting successfully, and that he paid the full amount of the former recovery. This is most unusual conduct in a person who has been harrassed at law. So unusual as not easily to he credited, unless in making the settlement with that ■person, he was gaining some advantage which he could
 
 *280
 
 not expect, if made with another, or with the view of particularly accommodating the individual with whom the.settlement was then made, or defeating another. I doubt but little, that all these motives concurred upon this occasion, for
 
 Price
 
 seems to have left the state immediately, and
 
 Little
 
 admits himself to be his agent; and the purpose was to put, or pretend to put into
 
 Price’s
 
 hands the whole sum, that it might be out of the reach of
 
 Ellis
 
 — all thinking that
 
 Amason’s
 
 receipt would defeat .the suit, and consequently defeat
 
 Ellis.
 
 They settled upon terms to suit each other, and
 
 Jhnason
 
 got his share, though a small one.
 
 Little
 
 repeats, that
 
 Jhnason
 
 then told him, that
 
 Ellis
 
 had no interest. How came he to make that enquiry? Or the other to volunteer the information? But v iiy did he not ask for the note on which he had given bis endorsement or guaranty? That would Inn o been a much more effectual discharge than a release, and would have disposed of the suit without the trouble of pleading and calling witnesses. The circumstances seem conclusive to establish his perfect
 
 knowledge
 
 of the plaintiff’s claim, and of the dishonest purpose to embarrass and frustrate him. He well knew, that those men, with whom he was settling, had not the rigid ; and he ought not to use the acquittance-obtained from them. The injunction must therefore be continued, and the parties be at liberty to move for further directions after the trial at law, and in the mean while, an account be taken of the plaintiff’s demánd.
 

 Per Curiam. — Declare, that the assignment mentioned in the pleadings to have been made of the note also mentioned in the pleadings to the plaintiff, is established ; and that the defendant
 
 Price
 
 had notice of that assignment, when he took one to himself, and that his subsequent receipt of the money due upon the note from the defendant
 
 Little,
 
 makes him a trustee thereof for the plaintiff. Declare further, that the defendant"
 
 Little,
 
 had notice of the assignment to the plaintiff, at the time he made the payment mentioned in his answer, and that said payment was made in bad faith, and with the fraudulent intent of defeating the plain
 
 *281
 
 tiff of the benefit of the assignment made to him, and that the plaintiff hath a eight, notwithstanding the said payment, to prosecute the action at law, for the purpose of indemnifying himself out of the judgment for ills suretyship, and the costs of prosecuting the said suit, unless he be paid the amount of the said note by the defendant
 
 Price.
 
 Direct an account to be taken of the amount due the plaintiff, and let the injunction heretofore granted be continued, and let the defendant
 
 Little
 
 bo restrained from pleading or offering in evidence upon the trial of the said suit at law, the release obtained by him from the defendant
 
 Amasan,
 
 and
 
 reserve
 
 the cause for further directions.