J. I. WOODY v. FIRST NATIONAL BANK OF ROCKY MOUNT, N. C.

(Filed 16 November, 1927.)

**1. Banks and Banking—Action—Election of Remedies—Duty.**

Although the relation of debtor and creditor exists between a bank and a depositor, yet a bank is a *quasi*-public corporation and is under duty to pay the checks of a depositor when the depositor has sufficient funds in the bank, and failure to do so gives rise to an action in tort or one on contract, at the election of the plaintiff.

**2. Same—Tort—Damages.**

A bank is under obligation to its depositor to pay his checks on presentation when his deposit in the bank is sufficient, and unless protected by a provision of a statute, is liable in tort for its failure to do so for nominal damages at least, and in proper instances for substantial damages naturally flowing therefrom when not too speculative or remote.

**3. Damages—Bills and Notes—Measure of Damages.**

Although formerly held in England that when plaintiff is a merchant or trader the jury may award substantial damages in proper instances, but when otherwise the jury may award nominal damages or such actual damages as are proven, the reason for the distinction is obsolete; and any person will be deemed substantially damaged upon the refusal of a bank to pay his check, unless protected by the provisions of 3 C. S., 220(m), and substantial damages may be awarded. The analogy to libel and slander pointed out. And where the nonpayment is through malice, punitive damages may also be recovered.

**4. Banks and Banking—Action—Statutes—Question for Jury.**

3 C. S., 220(m) providing that actual damages only shall be awarded against a bank for the nonpayment of a check covered by sufficient funds, applies, by the language of the statute, only where the nonpayment is not through mistake or error, and without malice, and where the complaint alleges that the nonpayment was wrongful and malicious the statute does not apply, unless the jury find the issue against the plaintiff.

**5. Action—Cause of Action—Demurrer—Error—Questions for Jury.**

Where the complaint alleges that a bank wrongfully and maliciously fails to pay a check drawn on it by a depositor and covered by sufficient funds, the question of malice is for the jury, and the sustaining of a demurrer to the complaint is reversible error.

**6. Bills and Notes—Statutes.**

A check is a bill of exchange drawn on a bank, payable on demand, C. S., 3167; further defined as a written order on a bank or banker, purporting to be drawn against a deposit of funds, for the payment at all events of a sum of money to a certain person therein named, or to him or his order, or to bearer, and payable on demand.

Appeal by plaintiff from *Nunn, J.,* at April Term, 1927, of Edgecombe. Reversed.

Action to recover damages for the wrongful nonpayment of a check drawn by plaintiff, a depositor of defendant bank. It is alleged that said nonpayment was not only wrongful, but also wilful, wanton and malicious. Defendant demurred to the complaint for that the facts stated therein do not constitute a cause of action.

From judgment sustaining the demurrer, and dismissing the action, plaintiff appealed to the Supreme Court.

*George M. Fountain for plaintiff.*
*Battle & Winslow for defendant.*

CONNOR, J. The material facts alleged in the complaint, upon which plaintiff demands judgment in this action against defendant, are as follows:

1. On 28 April, 1926, plaintiff, a resident of the city of Rocky Mount, N. C., drew his check upon defendant bank for the sum of six dollars, said check being payable to the order of E. L. Hollingsworth. It was delivered by plaintiff to said Hollingsworth, in part payment for a suit of clothes.

2. A few days after its delivery to him by plaintiff, the said Hollingsworth, having first endorsed the check, delivered same to the Kinston Garage, Inc., at Kinston, N. C., in payment for automobile supplies purchased by him from said garage. The said Kinston Garage, Inc., as endorsee, promptly deposited said check in a bank at Kinston, N. C., for collection and deposit to its account in said bank. In due course of business the Kinston bank caused said check to be duly presented to defendant bank at Rocky Mount, N. C., for payment.

3. At the time said check for six dollars was drawn by plaintiff, and also at the time same was presented to defendant for payment, plaintiff had on deposit with defendant, subject to his check, a sum of money in excess of fifty dollars. Plaintiff had kept a checking account with defendant for many years. Defendant refused to pay said check when same was presented; it caused said check to be returned to the Kinston Garage, Inc., the holder, with notation thereon as follows: "No Account."

4. After said check with said notation had been returned to it, the Kinston Garage, Inc., caused a criminal warrant to be issued from the recorder's court of Kinston, N. C., for the arrest of plaintiff, upon the charge that he had given a worthless check with intent to cheat and defraud. Pursuant to said warrant, plaintiff was arrested in the city of Rocky Mount and required to give bond for his appearance in .the recorder's court at Kinston to answer the charge upon which the warrant for his arrest had been issued. Upon his appearance in said court,

plaintiff showed by the assistant cashier of defendant bank, and by its ledger sheets, that he had funds on deposit with defendant, both at the time the check was drawn and at the time it was presented for payment, more than sufficient in amount for the payment of the check. Upon this showing, with the consent of the prosecuting attorney, a verdict of "Not Guilty" was entered, and plaintiff was discharged.

5. The refusal of defendant to pay plaintiff's check for six dollars, when same was presented, was wilful, negligent, wanton and malicious, and in utter disregard of the duty which defendant owed to plaintiff, as a depositor, with respect to said check. Prior to such refusal, plaintiff had enjoyed a wholesome reputation in the city of Rocky Mount, where he had long resided, and where he was employed by the Atlantic Coast Line Railroad Company.

6. As a result of his arrest and confinement in jail, pending the giving of his bond, and of his enforced attendance upon the recorder's court in Kinston, pursuant to said bond, plaintiff was humiliated and degraded, and his reputation and standing in the city of Rocky Mount impaired, to his great damage in the sum of $5,000. The injury which he thereby sustained was proximately caused by the wrongful and malicious act of defendant in refusing to pay his check, and resulted in special damage to plaintiff.

Upon the foregoing facts, alleged in the complaint, and for the purposes of this action admitted by the demurrer, plaintiff prays judgment that he recover of defendant (1) compensatory damages in the sum of $5,000; (2) punitive damages in the sum of $5,000; (3) the costs of the action; and (4) such other and further relief as he may be entitled to in the premises.

Defendant demurred to the complaint, for that same does not state facts sufficient to constitute a cause of action. C. S., 511, subsection 6. The court sustained the demurrer, and rendered judgment dismissing the action. Plaintiff excepted to the judgment, and upon his appeal to this Court assigns same as error. The sole question, therefore, presented for decision by this Court is whether upon the facts alleged in the complaint, plaintiff is entitled to recover of defendant in this action. The decision of this question requires, first, a consideration of the law generally, with respect to an action by a depositor against his bank to recover damages for the wrongful nonpayment of his check; and, second, an examination of the statute in this State relative to such action, in order to determine its effect, if any, upon plaintiff's right to recover in this action.

It has been generally held that the relation of a depositor to his bank is ordinarily, if not universally, that of a creditor and debtor. This

relation arises out of the contract, express or implied, that the bank will, from time to time, pay to the depositor or to his order, upon his demand, amounts not exceeding his deposit or balance. These demands are usually made by checks, signed by the depositor, payable to the order of the payee, and duly presented to the bank for payment by the payee, endorsee, or holder. A check is defined by statute as a bill of exchange drawn on a bank, payable on .demand. C. S., 3167. In *Trust Co. v. Bank,* 166 N. C., 112, this Court has said: "A check is a bill of exchange, and may more particularly be defined as a written order on a bank or banker, purporting to be drawn against a deposit of funds, for the payment, at all events, of a sum of money to a certain person therein named, or to him or to his order, or to bearer, and payable on demand. Norton on Bills and Notes, 400." Upon the refusal or failure of the bank to pay the check of its depositor, the bank is liable for a breach of its contract. This liability the depositor may enforce against the bank by an action against the bank in a court of competent jurisdiction. In such action the depositor may recover of the bank the amount of his check, with interest and cost; the action being on contract, the recovery is limited to the amount of the check, with interest from date of demand and refusal, and, by virtue of the statute, the costs of the action.

Except possibly in rare cases, a debtor is not liable to his creditor for damages in an action in tort, upon his failure or refusal to pay the debt. His liability arises upon contract, and is limited to the amount of his debt. However, it has been generally held that notwithstanding the relation of the bank to its depositor is that of debtor and creditor, a bank may be held liable in tort to its depositor whose check it has wrongfully refused or failed to pay. In *Marzetti v. Williams,* decided by the Court of King's Bench in 1830, and reported in 1 B. & D., 415, 109 Eng. Rep., 842 (full reprint), it was held that a banker is bound by law to pay a check drawn by a customer, within a reasonable time after the banker has received from the customer funds sufficient in amount for such payment; and that the latter may maintain an action in tort against the banker, who has wrongfully refused or failed to pay his check, although he has sustained no actual damages. In that case, *Taunton, J.,* said: "The defendants were guilty of a breach of duty, which duty the plaintiff at the time had a right to have performed. The jury have found that when the check was presented for payment, a reasonable time had elapsed to have enabled defendants to enter the forty pounds to the credit of plaintiff, and therefore they must or ought to have known that they had funds belonging to him. That was sufficient to entitle plaintiff to recover nominal damages, for he had a right to have his check paid at the time it was presented, and defendants were

guilty of a wrong by refusing to pay it. The form of the declaration, whether it be in tort or in assumpsit, makes no substantial difference, nor can it be any real ground of distinction whether the foundation of the action be an express or implied assumpsit. There are many instances where a wrong, by which the right of a party may be injured, is a good cause of action, although no actual damage be sustained."

In *Rolin v. Steward,* decided in the Court of Common Pleas and Exchequer Chamber, in 1854, and reported in 14 C. B., 594, 139 Eng. Rep., 245 (full reprint), it was held that substantial damages may be recovered of a banker for dishonoring the checks of his customer, there being sufficient funds in his hands at the time to meet them. At the trial, the jury were instructed that they ought not to limit their verdict to nominal damages, but should give the plaintiff such temperate damages as they should find to be reasonable compensation for the injury which plaintiff must have sustained by the wrong of the defendant. *Creswell, J.,* upon the appeal, said: "I am of opinion that as far as the application in this case depends upon the ground of misdirection, the rule must be discharged. It appears to me that the direction of my *Lord Campbell* was perfectly right. He told the jury that they ought to give, not nominal, nor excessive damages, but reasonable and temperate damages. I think the case of *Marzetti v. Williams* goes the full length of justifying that direction." *Williams, J.,* said: "I think it cannot be denied that if one who is not a trader were to bring an action against a banker for dishonoring a check at a time when he had funds of the customer in his hands sufficient to meet it, and special damages were alleged and proved, the plaintiff would be entitled to recover substantial damages, when it is alleged and proved that the plaintiff is a trader. I think it equally clear that the jury in estimating the damages may take into consideration the natural and necessary consequences which must result to the plaintiff from defendant's breach of contract; just as in the case of an action for slander of a person in the way of his trade, or in the case of an imputation of insolvency on a trader, the action lies without proof of special damages."

The law in England, with respect to this action, has been stated in the opinions delivered in *Marzetti v. Williams* and *Rolin v. Steward.* The decisions in both these cases have been subsequently approved and followed. The law as therein stated is that a depositor whose check has been wrongfully dishonored by the refusal or failure of the bank on which it was drawn to pay the same, may maintain an action against the bank, not only in contract, but also in tort, to recover the damages which he has sustained, and that the jury may, when the plaintiff is a merchant or trader, assess not only nominal, but also substantial dam-

ages; when the plaintiff is not a merchant or trader, he may recover such sum as special damages as the jury shall find, upon the facts, will compensate him for the injury resulting from the wrong done him by the defendant. In either case plaintiff is entitled to recover nominal damages, at least, which the law presumes from the wrongful act of defendant.

The decisions in *Marzetti v. Williams* and in *Rolin v. Steward* have been generally followed in the courts of the United States and of the several states. See 34 A. L. R., 202, 13 A. L. R., 302, 4 A. L. R., 940, 58 L. R. A., 956. In some of these courts the distinction between a trader or merchant and one who is neither, is not recognized as affecting the right of a depositor to maintain the action against his bank. In view of the almost universal custom now obtaining with respect to the banking business, this distinction does not seem to us to be well founded. A plaintiff's right to maintain this action, under present conditions, ought not to be dependent upon or determined by his business or occupation; the conditions upon which the distinction was founded no longer prevail. Men not engaged in business as merchants or traders are now quite generally bank depositors, and as such avail themselves of banks as a means of conducting financial transactions, to the profit not only of themselves, but also of the banks with which they do business. The law in the United States, as now generally applied by the courts, is stated in Morse on Banks and Banking, 5 ed., 1917, Vol. II, sec. 458, as follows:

"We have already stated that a bank is under obligation to pay the checks, drafts and orders of a depositor so long as it has in its possession funds of his sufficient to do so, and which are not encumbered by the attaching of an earlier lien in favor of the bank. The duty of the bank to make such payments, and the reciprocal right of the depositor to have them made, arises from the contract to that effect, which though probably never definitely expressed, will always be considered to be implied from the usual course of the banking business. This duty and this right are so far substantial, that if the bank refuse, without sufficient justification, to pay the check of the customer, the customer has his action for damages against the bank. It has been said that if in such action the customer does not show that he has suffered a tangible or measurable loss or injury from the refusal, he shall recover only nominal damages. In New York it is held that a depositor may sue in contract or in tort, for wrongful refusal to pay his check, and if he sues in contract and the failure of the bank is not charged as wilful and no special damages are shown, and the check is finally paid, the plaintiff can only recover nominal damages. But the better authority seems to

be. that, even.if such actual loss or injury is not shown, yet more than nominal damages shall be given. It can hardly be possible that a customer's check can be wrongfully refused payment without some impeachment of his credit, which must in fact be an actual injury, though he cannot from the nature of the case furnish independent, distinct proof thereof. It is as in cases of libel and slander, which description of suit, indeed, it closely resembles, inasmuch as it is a practical slur upon the plaintiff's credit and repute in the business world. Special damages may be shown, if the plaintiff is able; but if he be not able, the jury may, nevertheless, give such temperate damages as they conceive to be a reasonable compensation for that indefinite mischief which such an act must be assumed to have inflicted, according to the ordinary course of human events. Exemplary damages may be given when the failure to pay is malicious, or the result of gross indifference; but they shall not be given, unless the bank was guilty of fraud, malice, gross negligence or oppression."

This statement of the law is fully supported by the decisions in cases cited in the notes. The principle upon which the law, as thus declared, rests, is stated in *Patterson v. Marine National. Bank,* 130 Pa., 419, 18 Atl., 632, as follows: "A bank is an institution of a *quasi*-public character. It is chartered by the government for the purpose, *inter alia,* of holding and safely keeping the moneys of individuals and corporations. It receives such moneys upon an implied contract to pay the depositor's check upon demand. Individual and corporate business could hardly exist for a day without banking facilities. At the same time, the business of the community would be at the mercy of the banks if they could at their pleasure refuse to honor their depositors' checks and then claim that such action was the mere breach of an ordinary contract, for which only nominal damages could be recovered unless special damages were proved. There is something more than a breach of contract in such cases; there is a question of public policy involved, as was said in *First National Bank v. Mason,* 95 Pa., 113, 40 Am. Rep., 632; and a breach of the implied contract between the bank and its depositor entitles the latter to recover substantial damages." This statement of the principle upon which the law rests is quoted with approval by the Court of Appeals of Kentucky in *American National Bank v. Morey,* reported in 58 L. R. A., 956. It has been expressly held that mere mistake or inadvertent error on the part of the bank is no defense to plaintiff's recovery, nor will the bank be heard to say in its defense that its nonpayment of a check, where the drawer had funds on deposit sufficient for its payment, was without malice, when the plaintiff seeks to recover substantial or actual damages, only.

So much for the law as generally declared and applied .by the courts of England and of the United States. While this seems to be the first case presented to this Court for its consideration, involving this law or the principles upon which it rests, it is sustained by such overwhelming weight of authority and is supported in principle by such satisfactory reasons, that we declare it to be the law in this State, to be applied, in the absence of a controlling statute to the contrary, in an action by a depositor against his bank to recover damages for the wrongful non-payment of his check. Defendant contends that our statute—3 C. S., 220(m)—modifies the law, as generally declared, with the result that plaintiff's cause of action, as stated in his complaint, cannot now be maintained.

This statute was enacted by the General Assembly in 1921, and is section 28 of chapter 4, Public Laws 1921, entitled "An Act to Regulate Banking in the State of North Carolina, and for other purposes." As included in 3 C. S., 1924, it is as follows:

"Sec. 220(m). *Nonpayment of check in error, liability for.* No bank shall be liable to a depositor because of the nonpayment, through mistake or error, and without malice, of a check which should have been paid had the mistake or error of nonpayment not occurred, except for the actual damage by reason of such nonpayment that the depositor shall prove, and in such event the liability shall not exceed the amount of damage so proven."

Upon the facts alleged in the complaint and admitted by the demurrer, this statute is not applicable in the instant case. It does not appear that the nonpayment of plaintiff's check was through mistake or error, on the part of defendant or of one of its employees. It is expressly alleged that the act of defendant, in refusing or failing to pay the check, which should have been paid, was not only wrongful, but also malicious. Upon the facts admitted for the purpose of our present decision, plaintiff is entitled to nominal damages at least. Liability for nominal damages, presumed from the wrongful act of defendant, is sufficient to constitute a cause of action. We must, therefore, hold that there was error in sustaining the demurrer and in dismissing the action. For this error the judgment must be reversed and the action remanded to the end that defendant may have leave to file an answer to the complaint, if so advised.

It is not necessary at this time to decide or to discuss the extent of defendant's liability for damages upon the facts alleged in the complaint. Whether defendant, whose wrongful act was its refusal to pay plaintiff's check, can be held liable for damages sustained by him because of his arrest upon a warrant, procured by the Kinston Garage,

Inc., charging that he gave a worthless check with intent to cheat and defraud, must be ultimately determined when all the facts have been found, showing whether or not such damages are recoverable of defendant as special damages naturally flowing from defendant's wrong to plaintiff, which defendant should have foreseen would probably occur. Whether or not defendant is liable for punitive damages must be determined by the jury, to whose sound judgment this question is addressed, provided they shall first find that defendant's act was not only wrongful, but also wilful, malicious, wanton and oppressive.

The statute relieves a bank which has wrongfully refused or failed to pay its depositor's check, from liability in damages therefor, only in the event it shall appear upon the face of the complaint, or shall be found by the jury, in answer to issues properly raised by the pleadings, that the wrongful nonpayment was through mistake or error, and without malice, and further that plaintiff has not sustained any actual damages from the wrongful act of the bank. Where, upon the facts alleged in the complaint, or found by the jury, the statute is applicable, there is no liability merely because the law presumes damages from the wrong done, which are nominal in amount. A complaint is subject to demurrer only when it appears from the facts alleged therein that the nonpayment of the check was through error or mistake, without malice, and that no actual damage resulted to the depositor from such nonpayment, for in such case the statute is applicable. If the statute is not applicable, the bank may, upon well-settled principles, be liable to its depositor, not only for nominal or actual damages, but also for punitive damages.

It was error to hold that the statute is applicable in this action, and that defendant was relieved thereby of liability. Plaintiff has alleged in his complaint a cause of action, and the judgment sustaining the demurrer and dismissing the action is

Reversed.