ARMOUR FERTILIZER WORKS v. H. D. NEWBERN, DEFENDANT, AND
S. C. NEWBERN AND P. W. McMULLAN, INTERVENERS.

(Filed 29 April, 1936.)

1. **Parties A a—Where plaintiff assigns any recovery he may have, assignees are proper but not necessary parties to the action.**

   Where a plaintiff assigns any recovery he may obtain against defendant to third persons, such third persons, upon becoming assignees, are proper but not necessary parties to the action, and plaintiff may prosecute same after the assignment in behalf of his assignees in the absence of objection by the defendant.

2. **Execution J b—Judgment debtor held to have assigned rights before institution of supplemental proceedings, and judgment creditor was not entitled to attach same as against assignee.**

   After return of execution against defendant unsatisfied, plaintiff instituted supplemental proceedings against defendant and obtained an order that defendant and his debtor, against whom defendant had instituted suit, appear before the clerk, and that defendant be enjoined from transferring or assigning the debt. Upon the hearing of the supplemental proceedings it appeared that prior to the institution of the proceedings, defendant had verbally agreed to assign part of the recovery for money borrowed, and that while the action was pending defendant had executed a written assignment in conformity to the verbal agreement, and that upon defendant's recovery of judgment against his debtor after the institution of the supplemental proceedings, the judgment was assigned on the judgment docket in accordance with defendant's agreements with his assignee. *Held:* At the time of the rendition of the judgment the assignee was the equitable owner of the stipulated part thereof, and defendant had no legal or equitable interest in such part, and plaintiff is not entitled to attach such part in the supplemental proceedings instituted by it against defendant. C. S., 711, *et seq.* The balance of the judgment had been paid to another to whom defendant had executed a like assignment prior to the institution of the supplemental proceedings and such payment had been credited on the judgment docket.

3. **Judgments P a—Assignees of plaintiff are entitled to assignment of judgment upon its rendition.**

   Where plaintiff, while the action is pending, assigns any recovery he may obtain against defendant to third persons for a valuable consideration, such third persons at the time of the rendition of the judgment are the equitable owners thereof and entitled to the assignment of the judgment upon the judgment docket, plaintiff having no legal or equitable interest therein.

DEVIN, J., dissents.

APPEAL by plaintiff from *Cranmer, J.,* at April-May Term, 1935, of
CURRITUCK. Affirmed.

This action was begun in the Superior Court of Pasquotank County, by summons dated 28 September, 1928.

On 17 May, 1929, judgment was rendered in the action that plaintiff recover of the defendant H. D. Newbern the sum of $12,867.09, with interest and costs. This judgment was duly docketed in the office of the clerk of the Superior Court of Pasquotank. Thereafter, to wit: On 25 May, 1929, a transcript of said judgment was duly docketed in the office of the clerk of the Superior Court of Currituck County. The defendant H. D. Newbern was then and is now a resident of Currituck County.

On 2 July, 1931, an execution was issued on said judgment by the clerk of the Superior Court of Pasquotank County directed to the sheriff of Currituck County. This execution was thereafter duly returned, with endorsement as follows: "Issued July 2, 1931. Received July 8, 1931. Served on the 13th day of July, 1931, by reading to defendant H. D. Newbern. Said execution is returned to the court unsatisfied. No property of the defendant to be found in my county. H. F. Forbes, Sheriff Currituck County."

Thereafter, on 6 January, 1932, supplemental proceedings in execution were instituted by an affidavit filed in the action on behalf of the plaintiff. It appeared from said affidavit that W. A. Brock, a resident of Pasquotank County, was then indebted to the defendant H. D. Newbern in a sum in excess of $10.00, and that the amount of said indebtedness should be applied as a payment on the judgment in this action in favor of the plaintiff and against the defendant H. D. Newbern. On the facts alleged in said affidavit, it was ordered by the clerk of the Superior Court of Pasquotank County (1) that the defendant H. D. Newbern be and appear before the clerk of the Superior Court of Currituck County, at his office in the courthouse in said county, on 20 January, 1932, then and there to be examined by the plaintiff with respect to the indebtedness of W. A. Brock to him; (2) that the said W. A. Brock be and appear before the clerk of the Superior Court of Pasquotank County, at his office in the courthouse in said county, on 21 January, 1932, then and there to be examined by the plaintiff with respect to his indebtedness to the defendant H. D. Newbern; and (3) that, until the further orders of the court, the said H. D. Newbern be enjoined from transferring or assigning any indebtedness of W. A. Brock to him, and that the said W. A. Brock be enjoined from paying any amount due by him to the defendant H. D. Newbern to the said defendant, or to anyone for him. The affidavit and order of the clerk of the Superior Court of Pasquotank County were duly served on both the defendant H. D. Newbern and the said W. A. Brock, on 8 January, 1932.

At a hearing of the said supplementary proceedings in execution, by the clerk of the Superior Court of Pasquotank County, on 22 June, 1932, on the facts disclosed by the examination of the defendant H. D. Newbern, and by the examination of the said W. A. Brock, the plaintiff moved that a certain judgment in favor of the said H. D. Newbern and against the said W. A. Brock for the sum of $3,795.24, with interest and costs, docketed in the office of the clerk of the Superior Court of Currituck County, on 21 May, 1932, be condemned as a payment on the judgment in this action in favor of the plaintiff and against the defendant H. D. Newbern for the sum of $12,867.09, with interest and costs, and that the said W. A. Brock be ordered and directed by the court to pay the amount due on said judgment to the plaintiff in partial satisfaction of the judgment in this action. This motion was denied by the clerk, and the plaintiff appealed to the judge of the Superior Court of Pasquotank County.

On 20 March, 1933, pursuant to an order made in said supplemental proceedings in execution by the judge of the Superior Court of Pasquotank County, S. C. Newbern and P. W. McMullan intervened in said proceedings and filed their complaint, in which they alleged that by virtue of certain assignments made to them by H. D. Newbern they are the owners of the judgment docketed in the office of the clerk of the Superior Court of Currituck County, in favor of the said H. D. Newbern and against the said W. A. Brock, for the sum of $3,795.24, with interest and costs, and prayed the court to so adjudge. The plaintiff filed an answer to said complaint, in which it denied that the interveners are the owners of said judgment as alleged in their complaint.

Thereafter, by consent of the parties, the said supplemental proceedings in execution were heard at April-May Term, 1935, of the Superior Court of Currituck County, on an agreed statement of facts. These facts are as follows:

1. On 21 September, 1921, H. D. Newbern instituted an action in the Superior Court of Currituck County against W. A. Brock, to recover certain sums of money which he alleged in his complaint were due him by the said W. A. Brock by reason of certain contracts alleged in his complaint. In his answer, the said W. A. Brock denied the allegations of the complaint, and set up a counterclaim. The action was referred by consent to a referee for trial. On ...... December, 1931, the referee filed his report. On the facts found by him, the referee concluded that the plaintiff in said action, H. D. Newbern, was entitled to recover of the defendant W. A. Brock on the causes of action alleged in the complaint the sum of approximately $5,500, and that the defendant in said action, W. A. Brock, was entitled to recover of the plaintiff H. D. Newbern on his counterclaim the sum of approximately $1,700. The referee

recommended that judgment be rendered by the court that the plaintiff H. D. Newbern recover of the defendant W. A. Brock the sum of $3,795.24, with interest from 23 October, 1919, and the costs of the action.

After the report of the referee was filed, to wit: On 16 April, 1932, the plaintiff H. D. Newbern filed exceptions to said report, and agreed that the defendant W. A. Brock might have further time within which to file his exceptions. On 12 May, 1932, by agreement between the parties, the plaintiff withdrew his exceptions to the report of the referee, and the defendant abandoned his right to file exceptions. Thereupon, by consent, judgment was rendered in said action by the Superior Court of Currituck County in accordance with the recommendation of the referee. This judgment was docketed in the office of the clerk of the Superior Court of Currituck County on 21 May, 1932.

2. While the action entitled "H. D. Newbern *v.* W. A. Brock" was pending before the referee for trial, to wit: On 25 May, 1931, H. D. Newbern, the plaintiff in said action, executed a paper writing which is in words and figures as follows:

"NORTH CAROLINA—CURRITUCK COUNTY.

IN THE SUPERIOR COURT.

"H. D. Newbern *v.* W. A. Brock.

"For value received, I hereby transfer, assign and set over to P. W. McMullan one-fourth (25%) of all recoveries made and had in the above case.

"For value received, I further transfer, assign and set over to said P. W. McMullan the sum of three hundred dollars ($300.00) from and out of the remaining three-fourths (75%) of the recoveries made and had in the above action.

"And I hereby expressly authorize the said P. W. McMullan to retain from and out of any recoveries of collections made or had as the result of final judgment or settlement of the above action, the amounts and sums hereinbefore so assigned to him.

"Subject to the foregoing assignment to the said P. W. McMullan, after the percentage and the amount heretofore assigned to him have been deducted, for value received, I further transfer, assign and set over to S. C. Newbern the rest and residue of all sums recovered in the foregoing action—being the balance of said recovery after the percentage and amount assigned-to said McMullan have been paid in full.

"Witness my hand and seal, this 25th day of May, 1931.

H. D. NEWBERN. (Seal.)"

The said paper writing was on the day of its execution delivered to P. W. McMullan, one of the assignees named therein, who at the time received and agreed to hold the same, for the benefit of himself and S. C. Newbern, as therein set out. The paper writing was recorded in Currituck County on 5 November, 1934.

3. On 20 June, 1932, H. D. Newbern executed a paper writing which is in words and figures as follows:

"ASSIGNMENT OF JUDGMENT.

"NORTH CAROLINA—CURRITUCK COUNTY.
    IN THE SUPERIOR COURT.

"H. D. Newbern v. W. A. Brock.

"Pursuant to a written agreement made on 25 May, 1931, and to an oral agreement to the same effect entered into theretofore, and for value received, I have this day transferred, assigned and set over the principal and interest of the judgment in the above entitled case, rendered by the Hon. G. V. Cowper, judge presiding, on 12 May, 1932, as follows:

"One-fourth (25%) thereof to P. W. McMullan; $300.00 of the remaining three-fourths (75%) thereof to P. W. McMullan; and the residue, after the percentage and amount heretofore assigned to the said P. W. McMullan have been deducted, to S. C. Newbern.

"Witness my hand and seal, this 20th day of June, 1932.

                                            H. D. NEWBERN.   (Seal.)"

"Attest: W. D. Cox."

The said paper writing was, on the day of its execution, attached to the page in the judgment docket in Currituck County, opposite the page whereon the judgment in the case of "H. D. Newbern v. W. A. Brock" is docketed, same being the page upon which an assignment of said judgment was and is required to be recorded or docketed, if required to be recorded or docketed at all.

4. The paper writings set out in paragraphs 2 and 3, supra, were executed pursuant to certain oral agreements between H. D. Newbern of the one part and P. W. McMullan and S. C. Newbern of the other part, under the terms of which, at the time of the institution of the action of "H. D. Newbern v. W. A. Brock," the said H. D. Newbern agreed to assign and pay over to the said P. W. McMullan, as compensation for legal services to be rendered by the latter in said action, 25% of all sums recovered, and further agreed to pay the said P. W. McMullan an additional sum of $300.00 in settlement of amounts due for legal services theretofore performed in other matters; and under the terms of

which said agreements, further, the said H. D. Newbern, on ... December, 1927, in consideration of money loaned and for the purpose of obtaining and securing said loan or loans, agreed to assign and pay over to S. C. Newbern all amounts recovered in said action, after the percentage and other amounts to be paid to the said P. W. McMullan had been deducted, and further agreed, subject to the same deduction, to assign to the said S. C. Newbern the judgment recovered by him in the said action of "H. D. Newbern v. W. A. Brock," if and when such judgment should be recovered; and that at the time of the execution of said two paper writings, and each of them, and at all times subsequent to the said oral agreement between the said H. D. Newbern and S. C. Newbern there was due from the former to the latter, by reason and virtue of the loan or loans aforesaid, a sum in excess of the amount of the judgment obtained by the plaintiff in the said suit of "Newbern v. Brock," after deducting the amount assigned to the said P. W. McMullan, which has been paid in full.

On the foregoing facts, it was considered, ordered, and adjudged by the court that, subject to the sums paid thereon to P. W. McMullan and duly credited on said judgment, the intervener, S. C. Newbern, is the owner of the judgment for $3,795.24, with interest and costs, rendered in the action entitled "H. D. Newbern v. W. A. Brock," and duly docketed in the office of the clerk of the Superior Court of Currituck County, on 21 May, 1932. It is further ordered that the intervener, S. C. Newbern, recover of the plaintiff his costs in this proceeding.

The plaintiff excepted to the judgment and appealed to the Supreme Court, assigning error in the judgment.

*John H. Hall for plaintiff.*
*McMullan & McMullan for intervener.*

CONNOR, J. On 6 January, 1932, supplemental proceedings in execution, as authorized by statute, C. S., 711, *et seq.,* were instituted by the plaintiff in this action for the purpose of procuring an order of the court that the indebtedness of W. A. Brock to the defendant H. D. Newbern, then existing, if any, be applied as a payment on the judgment which the plaintiff had theretofore recovered against the defendant, and which had not been paid or satisfied. At that date an action which had been instituted in the Superior Court of Currituck County by the defendant H. D. Newbern against W. A. Brock was pending in said court on the report of a referee to whom the action had been referred by consent for trial. On the facts found by him and set out in his report, the referee recommended that judgment be rendered by the court that H. D. Newbern, the plaintiff therein, recover of the defendant W. A. Brock the sum of

$3,795.24, with interest and costs.  On 12 May, 1932, by consent of the parties to said action, exceptions theretofore filed by the plaintiff therein to the referee's report were withdrawn, and judgment was rendered in said action in accordance with the report of the referee.  This judgment was docketed in the office of the clerk of the Superior Court of Currituck County on 21 May, 1932.

At the date of the institution of the action entitled "H. D. Newbern *v.* W. A. Brock" in the Superior Court of Currituck County, the plaintiff therein agreed to assign to P. W. McMullan, his counsel in said action, as compensation for his professional services, one-fourth (25%) of the recovery in said action, and the further sum of three hundred dollars ($300.00), to be deducted from the remaining three-fourths (75%) of the recovery, in payment of professional services theretofore rendered to him by the said P. W. McMullan in other matters.  Thereafter, while the action was pending for trial before the referee, the plaintiff executed and delivered to the said P. W. McMullan the paper writing dated 25 May, 1931, and subsequently, after judgment had been rendered in the action on the report of the referee, executed and delivered to the said P. W. McMullan the paper writing dated 20 June, 1932.  Since the institution of the supplemental proceedings in execution in this action, the sums due to P. W. McMullan under the agreements, both oral and written, have been paid to him and have been duly credited as payments on the judgment in favor of H. D. Newbern and against W. A. Brock. For that reason, the intervener, P. W. McMullan, has no interest in the matters involved in this appeal.

Some time during the month of December, 1927, prior to the commencement of this action, while the action instituted by him in the Superior Court of Currituck County against W. A. Brock was pending before the referee for trial, H. D. Newbern, the plaintiff therein, in consideration of a loan or of loans of money made to him by S. C. Newbern, and as security for the payment of said money, agreed to assign to the said S. C. Newbern all sums recovered by him in said action, after the payment to P. W. McMullan of the amounts due him out of said sums by virtue of the agreement theretofore entered into by and between the plaintiff and the said P. W. McMullan.  Thereafter, the said H. D. Newbern executed and delivered to P. W. McMullan the paper writings dated 25 May, 1931, and 20 June, 1932.  Both said paper writings were delivered to and received by the said P. W. McMullan for the benefit of himself and of the said S. C. Newbern. .

Conceding that the paper writing dated 20 June, 1932, having been executed and delivered subsequent to the institution of the supplementary proceedings in execution in this action, is not sufficient alone to sustain the contention of the intervener, S. C. Newbern, that he is the owner,

as assignee, of the judgment docketed in the office of the clerk of the Superior Court of Currituck County on 21 May, 1932, as against the plaintiff in this action, the question of law presented by this appeal is whether the oral agreement entered into by and between H. D. Newbern and S. C. Newbern in December, 1927, and the paper writing executed by the said H. D. Newbern and delivered by him to P. W. McMullan for the benefit of the said S. C. Newbern, on 25 May, 1931, were sufficient for that purpose.

The validity of the judgment rendered by the Superior Court of Currituck County in the action entitled "H. D. Newbern v. W. A. Brock" cannot be challenged by the plaintiff in this action on the ground that if the interveners in this action, P. W. McMullan and S. C. Newbern, became the assignees of the causes of action on which the judgment was rendered, by virtue of the agreements, both oral and written, as found by the court, they were necessary parties to the action, after they became such assignees. As assignees of the causes of action alleged in the complaint, they were proper but not necessary parties to the action. The right of H. D. Newbern, who had instituted the action in his own behalf, to prosecute the same, after the assignment, in behalf of his assignees, in the absence of objection by the defendant in the action, was not affected by the assignment. See *Chatham v. Realty Co.*, 180 N. C., 500, 105 S. E., 329, and *Valentine v. Holloman*, 63 N. C., 476.

In the instant case, by virtue of the oral agreement entered into by and between the defendant H. D. Newbern and the intervener S. C. Newbern, during the month of December, 1927, and of the paper writing executed by the defendant H. D. Newbern on 25 May, 1931, the intervener S. C. Newbern became the equitable owner at least of all sums which the said H. D. Newbern should thereafter recover of W. A. Brock in the action then pending in the Superior Court of Currituck, subject to the rights of P. W. McMullan under his agreement with the defendant H. D. Newbern and under the paper writing dated 25 May, 1931. When the judgment was recovered in said action on 12 May, 1932, the said S. C. Newbern became the owner of said judgment, subject to the rights of P. W. McMullan, and was entitled to a legal assignment of the same. In recognition of this right, the defendant H. D. Newbern, who then had no interest, legal or equitable, in said judgment, executed the paper writing dated 20 June, 1932.

In *Godwin v. Bank*, 145 N. C., 320, 59 S. E., 154, the following statement of the principle applicable to the facts in this case is quoted with approval from the opinion of *Story, J.*, in *Mitchell v. Winslow*, 2 Story, 630: "It seems to me a clear result of all the authorities that wherever the parties, by their contract, intend to create a positive lien or charge, either upon real or personal property, whether then owned by the

assignor or contractor or not, or if personal property, whether it is *in esse* or not, it attaches in equity as a lien or charge upon the particular property as soon as the assignor or contractor acquires a title thereto against the latter, and all persons asserting a claim thereto under him, either voluntary or with notice or in bankruptcy."

The judgment in this action is supported by this principle, and is, accordingly,

Affirmed.

Devin, J., dissents.