M. P. LIPE, SR., DOING BUSINESS AS LIPE MOTOR LINES, v. GUILFORD NATIONAL BANK, A CORPORATION.

(Filed 29 October, 1952.)

**1. Banks and Banking § 7a—**

The relationship between a depositor and the bank is that of debtor and creditor, and the ownership of the money deposited passes to the bank.

**2. Assignments § 3—**

A contract for money due or to become due may be assigned by agreement which manifests an intention to make the assignee the present owner of the debt, and such agreement operates as a binding transfer of the title to the debt as between the assignor and the assignee regardless of notice to the debtor.

**3. Assignments § 6—**

Where a debt has been assigned by valid agreement, the debtor, upon receiving notice of the assignment, is under duty to pay the debt to the assignee, irrespective of who gives notice.

**4. Banks and Banking § 7a—**

Where a depositor's own evidence shows that he assigned his right to the entire deposit in controversy to another, he may not maintain an action against the bank for such deposit, since he is not the real party in interest, G.S. 1-57, and the bank's motion to nonsuit such action is properly allowed.

**5. Appeal and Error § 39e—**

The admission of testimony over objection cannot be held prejudicial when substantially the same testimony is thereafter admitted without objection.

**6. Same—**

The exclusion of evidence cannot be held prejudicial on appeal when appellant fails to show what the rejected testimony would have been.

**7. Evidence § 45—**

A party may not testify that his written contract had never been "ful-
filled," since testimony of a witness is restricted to facts within his per-
sonal knowledge and his opinion or conclusion with respect to matters in
issue or relevant to the issue is incompetent.

APPEAL by plaintiff from *Sink, J.,* at May Term, 1952, of CATAWBA.

Civil action by depositor against bank for recovery of general deposit
with interest.

The complaint alleges that on 30 September, 1948, the plaintiff, M. P.
Lipe, Sr., an individual doing business as Lipe Motor Lines, had $927.77
on general deposit with the defendant, Guilford National Bank; that the
defendant subsequently honored a check for a part of the deposit, reduc-
ing it to $527.77; that on 1 October, 1950, the plaintiff learned that the
balance of the deposit had been transferred to the credit of a third party
by the defendant without his authorization or knowledge; that the plain-
tiff thereupon made demand on the defendant for the payment to him of
the balance of the deposit; that the defendant wrongfully refused to make
such payment to the plaintiff, who is the owner of the balance of the
deposit; and that by reason of these matters the plaintiff is entitled to
judgment against the defendant for $527.77 with interest from 1 October,
1950.

The answer denies the material averments of the complaint. In addi-
tion, it sets forth that prior to 5 January, 1949, the plaintiff, an individ-
ual trading as Lipe Motor Lines, had $854.02 on general deposit with the
defendant; that under a written contract bearing date 30 September,
1948, which became effective on 5 January, 1949, the plaintiff sold and
transferred to a corporation named Lipe Motor Lines, Incorporated, vir-
tually all his assets and business, including his general deposit with the
defendant; that on the following day, *i.e.,* 6 January, 1949, one J. T.
Ennis, acting in behalf of both the plaintiff and the corporation, notified
the defendant of such sale and transfer, and directed the defendant to
transfer the general deposit from the credit of the plaintiff to that of
Lipe Motor Lines, Incorporated; that the defendant forthwith complied
with this direction; that subsequent to these events, Lipe Motor Lines,
Incorporated, made numerous deposits in its own name with the defend-
ant, and withdrew various sums of money from the deposits credited to
it; and that as the net result of these transactions "the defendant now has
to the credit of Lipe Motor Lines, Inc., the sum of $128.23, representing
the balance not withdrawn from the account originally owned by the
plaintiff." The answer prays that plaintiff recover nothing by his action.

The only testimony at the trial was that given by the plaintiff in person.
He stated in substance on direct examination that on 30 September, 1948,
he had a general deposit of $927.77 with the defendant bank; that a sub-

sequent withdrawal made by him before 1 January, 1949, reduced the deposit to $527.77; that he discovered sometime in the summer of 1950 that this deposit had been transferred to the credit of Lipe Motor Lines, Incorporated, by the defendant bank; that he thereupon made demand on the defendant bank for the $527.77; and that the defendant bank refused to pay it to him.

The plaintiff admitted on cross-examination that while he "was operating Lipe Motor Lines as an individual," to wit, on 30 September, 1948, he sold and transferred virtually all of his assets and business, including his general deposit with the defendant bank, to a corporation named Lipe Motor Lines, Incorporated, under a written contract, which was complete on its face and was to become effective when it received the approval of the North Carolina Utilities Commission; that the written contract was approved by the North Carolina Utilities Commission on 5 January, 1949; and that thereafter the business theretofore conducted by the plaintiff as an individual under the trade name of Lipe Motor Lines was carried on by its purchaser, Lipe Motor Lines, Incorporated.

The plaintiff volunteered the additional testimony that although his sale and transfer of his general deposit with the defendant bank to Lipe Motor Lines, Incorporated, as shown by the written contract was absolute in character, there was some contemporaneous oral stipulation between him and Lipe Motor Lines, Incorporated, relating to the deposit, which was "supposed to have been done afterwards" and which was "supposed to . . . (have been) . . . written into the contract." The trial judge virtually struck this evidence from the case without objection on the part of the plaintiff by instructing the plaintiff to "testify to facts and not suppositions."

When the plaintiff had introduced his evidence and rested his case, the defendant moved to dismiss the action upon a compulsory nonsuit, and the trial judge allowed the motion and entered judgment accordingly. The plaintiff appealed, assigning errors.

*Joe P. Whitener for plaintiff, appellant.*
*Hoyle & Hoyle for defendant, appellee.*

ERVIN, J. The plaintiff makes these assertions by his assignments of error:

1. That the court erred in dismissing the action upon a compulsory nonsuit.

2. That the court erred in rulings respecting evidential matters.

We will consider the assignments of error in the order stated above.

When a person deposits his money in a bank without any agreement to the contrary, the ownership of the money passes from him to the bank,

and the bank becomes his debtor for the amount of the money deposited. *Bank v. Weaver,* 213 N.C. 767, 197 S.E. 551; *Williams v. Hood,* 204 N.C. 140, 167 S.E. 574; *Bank v. Bank,* 197 N.C. 526, 150 S.E. 34; *Woody v. Bank,* 194 N.C. 549, 140 S.E. 150, 58 A.L.R. 725; *Wall v. Howard,* 194 N.C. 310, 139 S.E. 449; *Trust Co. v. Spencer,* 193 N.C. 745, 138 S.E. 124; *Corporation Commission v. Trust Co.,* 193 N.C. 696, 138 S.E. 22; *Trust Co. v. Rose,* 192 N.C. 673, 135 S.E. 795; *Graham v. Warehouse,* 189 N.C. 533, 127 S.E. 540; *Reid v. Bank,* 159 N.C. 99, 74 S.E. 746; *Hawes v. Blackwell,* 107 N.C. 196, 12 S.E. 245; *Boyden v. The President and Directors of the Bank of Cape Fear,* 65 N.C. 13. The debt thus created is subject to the rule that ordinary business contracts for money due or to become due are assignable. *Wike v. Guaranty Co.,* 229 N.C. 370, 49 S.E. 2d 740; *Bank v. Jackson,* 214 N.C. 582, 200 S.E. 444; *Fertilizer Works v. Newbern,* 210 N.C. 9, 185 S.E. 471; *Trust Co. v. Williams,* 201 N.C. 464, 160 S.E. 484; *Bank v. School Committee,* 121 N.C. 107, 28 S.E. 134; *Motz v. Stowe,* 83 N.C. 434; 9 C.J.S., Banks and Banking, section 288. A valid assignment may be made by any contract between the assignor and the assignee which manifests an intention to make the assignee the present owner of the debt. *Hall v. Jones,* 151 N.C. 419, 66 S.E. 350; *Motz v. Stowe, supra; Winberry v. Koonce,* 83 N.C. 352; *Ponton v. Griffin Bros. & Co.,* 72 N.C. 362; *Thigpen v. Horne,* 36 N.C. 20; 6 C.J.S., Assignments, section 41. The assignment operates as a binding transfer of the title to the debt as between the assignor and the assignee regardless of whether notice of the transfer is given to the debtor. *Trust Co. v. Construction Co.,* 191 N.C. 664, 132 S.E. 804; *Chemical Co. v. McNair,* 139 N.C. 326, 51 S.E. 949. Notice to the debtor is necessary, however, to charge him with the duty of making payment to the assignee. *Chemical Co. v. McNair, supra; Bank v. School Committee,* 118 N.C. 383, 24 S.E. 792. This duty arises whenever the debtor receives notice of the assignment, irrespective of who gives it. *Ellis v. Amason,* 17 N.C. 273; 6 C.J.S., Assignments, section 74. The code of civil procedure requires every action to be prosecuted in the name of the real party in interest. G.S. 1-57. As a consequence of this requirement, a depositor cannot maintain an action against a bank to recover a deposit when it appears from his own evidence that he has assigned the deposit to a third person and has no further interest in it. *Vaughan v. Davenport,* 157 N.C. 156, 72 S.E. 842.

When these rules of law are applied to the case at bar, it becomes obvious that the compulsory nonsuit was proper. This is true because the plaintiff's own evidence showed that he assigned his right to the entire deposit in controversy to the Lipe Motor Lines, Incorporated, on 5 January, 1949, and that in consequence he has no further interest in it.

The assignments of error based on rulings in respect to evidential matters are discussed in the numbered paragraphs which follow.

1. The plaintiff noted certain exceptions to rulings of the court which permitted counsel for defendant to elicit from plaintiff on cross-examination oral evidence of the contents of his written contract with the Lipe Motor Lines, Incorporated. The assignment of error founded on these exceptions is unavailing to plaintiff on his appeal. He lost the benefit of the exceptions covering the receipt of this particular evidence by testifying without objection to substantially the same facts in other portions of his examination. *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179; *Spivey v. Newman,* 232 N.C. 281, 59 S.E. 2d 844.

2. The plaintiff was asked these questions by his own counsel on his re-direct examination: (1) "Would you state to his Honor and the jury what other agreements, if any, you may have had with Lipe Motor Lines, Inc., concerning the status of this account?" (2) "Do you know whether or not the Lipe Motor Lines, Inc., had opened a separate account from yours?" The defendant objected to these questions, and the court sustained its objections. The plaintiff noted exceptions to these rulings without showing what answers he would have made to the questions had he been allowed to respond to them. The assignment of error based on these exceptions falls under the ban of the rule that the question of whether error was committed in excluding evidence will not be considered on appeal unless the appellant shows what the rejected evidence would have been. *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907; *In re Wilder's Will,* 205 N.C. 431, 171 S.E. 611.

3. The plaintiff took an exception to the ruling of the court excluding his opinion that the terms of his written contract with Lipe Motor Lines, Incorporated, had never been "fulfilled." Since his complaint ignores this contract and bases his right to recover on its nonexistence, the plaintiff's insistence that the exclusion of his opinion respecting the supposed nonfulfillment of the terms of the contract was prejudicial to his rights in the action leaves us in somewhat of a quandary. The plaintiff would have no just cause for complaint on this score, however, even if the pleadings made the matter involved in the opinion germane to the issues joined between the parties. The opinion would be rendered incompetent in that event by the rule that "under ordinary circumstances a witness in testifying is to be restricted to facts within his personal knowledge, and his opinion or conclusion with respect to matters in issue or relevant to the issue may not be received in evidence." 32 C.J.S., Evidence, section 438. See, also, in this connection: *Wolf v. Arthur,* 112 N.C. 691, 16 S.E. 843, and *Bailey v. Poole,* 35 N.C. 404.

For the reasons given, the judgment dismissing the action on a compulsory nonsuit is

Affirmed.