HAZEL WOOD CROUSE v. FLOYD M. CROUSE.

(Filed 6 January, 1953.)

**1. Appeal and Error § 39e—**

   Where the record fails to show what testimony the witness would have given had she been permitted to answer the question, the exclusion of the testimony cannot be held prejudicial.

**2. Divorce and Alimony § 14—**

   Nonsuit *held* proper in this action for alimony without divorce because of failure of evidence to support the allegations of the complaint setting forth the cause of action.

APPEAL by plaintiff from *Crisp, Special Judge,* at May Term, 1952, of ALAMANCE.

Action by wife against husband for alimony without divorce under G.S. 50-16.

The complaint alleges as grounds for the plaintiff's right to maintain her suit that her husband, the defendant, separated himself from her and failed to provide her with the necessary subsistence according to his means and condition in life; that the defendant maliciously turned her out of doors; and that the defendant offered such indignities to her person as to render her condition intolerable and her life burdensome. The action was tried before Judge Crisp and a jury at the May Term, 1952, of the Superior Court of Alamance County. When the plaintiff had introduced her evidence and rested her case, the defendant moved to dismiss the action upon a compulsory nonsuit, and the court allowed the motion and entered judgment accordingly. The plaintiff excepted and appealed.

*H. Clay Hemric for plaintiff, appellant.*

*J. Elmer Long and Clarence Ross for defendant, appellee.*

PER CURIAM. The plaintiff's counsel propounded this question to her on her re-direct examination: "Will you tell the jury about that?" The court sustained the defendant's objection to the question, and the plaintiff noted an exception to this ruling. This exception presents nothing for review because the case on appeal does not show what testimony the plaintiff would have given had she been permitted to answer the question. *Lipe v. Bank, ante,* 328, 72 S.E. 2d 759. The remaining exceptions are addressed to the entry of the compulsory nonsuit, and are untenable because the evidence adduced by the plaintiff at the trial was insufficient to prove the allegations of her complaint.

Judgment affirmed.